Randy H. McMurray, Esq. (SBN 126888)
Email: rmcmurray@law-mh.com
Yana G. Henriks, Esq. (SBN 250638)
Email: yhenriks@law-mh.com
**McMURRAY HENRIKS, LLP**
5670 Wilshire Blvd., Suite 1450
Los Angeles, California 90036
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

Attorneys for Plaintiff, **JARRELL RAYVON ALLEN**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARRELL RAYVON ALLEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE, a California municipal entity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, a California municipal entity; CORPORAL LUIS IBARRA, an individual; DEPUTY NIGEL HINSON, an individual; DEPUTY MATT BILTON, an individual; DEPUTY ANTHONY LEVESQUE, an individual; DEPUTY SHERIFF LORENA MIRANDA, an individual; DEPUTY ANDREW PEARSON, an individual; DEPUTY JOSEPH RODRIGUEZ, an individual; and DOES 1-30, inclusive,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Excessive Force; 42 U.S.C. § 1983;**<br>2. **Excessive Force; 42 U.S.C. § 1983, *Monell*;**<br>3. **Failure to Train, Supervise, and Discipline; 42 U.S.C. § 1983, *Monell*;**<br>4. **Negligence;**<br>5. **Battery;**<br>6. **Intentional Infliction Of Emotional Distress;**<br>7. **Discrimination/Civil Rights Violations (Civil Code § 51.7);**<br>8. **Civil Rights Violations (Civil Code § 52.1(b)(h))**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JARRELL RAYVON ALLEN (herein "Plaintiff") hereby alleges as follows:

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

**INTRODUCTORY STATEMENT**

This is a civil rights action seeking monetary damages from Defendants for violating various rights under the United States Constitution and California state law in connection with the wrongful use of excessive force against Plaintiff on May 26, 2018.

**JURISDICTION**

1.  This is a civil suit brought under the Federal Civil Rights Act, 42 U.S.C. § 1983 for violation of Plaintiff's rights as secured by the United States Constitution. This court has "Federal Question" subject matter jurisdiction over the parties and claims pursuant to 28 U.S.C. §1343(3) and 28 U.S.C. §1331. The Court has personal jurisdiction over the parties in that each defendant is a citizen of the state of California and a resident of the County of Riverside. Defendants performed all torts alleged herein in the County of Riverside.

**VENUE**

2.  Venue is proper in the Central District of California under 28 U.S.C. sections 1391 (a) and (b) in that the underlying acts and injuries upon which the present action is based occurred in the County of Riverside, California. Moreover, all of the defendants live and work in the County of Riverside.

**PARTIES**

3.  JARRELL RAYVON ALLEN is and was at all relevant times herein, an individual residing in Riverside County, State of California.

4.  Defendant COUNTY OF RIVERSIDE (herein "COUNTY") is and was at all times relevant herein, a municipal corporation and political subdivision, organized and existing under the laws of the State of California, and owns, operates, manages, directs and/or controls RIVERSIDE COUNTY SHERIFF'S DEPARTMENT.

5.  On July 9, 2018, Plaintiff presented Defendant COUNTY with a Claim for Damages sustained as a result of the incident described in this Complaint pursuant

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

2

to California Government Code §§ 905, 910 et seq. Attached as Exhibit "A" and incorporated herein by this reference is a true and correct copy of Plaintiff's Claim for Damages presented to COUNTY. As the date of the filing of the instant Complaint, said Claim has been deemed denied by operation of law.

6. Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT (herein "RCSD") is and was at all times relevant herein, a municipal corporation and a subdivision of the COUNTY.

7. Defendants CORPORAL LUIS IBARRA ("IBARRA"), DEPUTY NIGEL HINSON ("HINSON"), DEPUTY MATT BILTON ("BILTON"), DEPUTY ANTHONY LEVESQUE ("LEVESQUE"), DEPUTY SHERIFF LORENA MIRANDA ("MIRANDA"), DEPUTY ANDREW PEARSON ("PEARSON"), and DEPUTY JOSEPH RODRIGUEZ ("JOSEPH RODRIGUEZ") (collectively "INDIVIDUAL DEPUTIES") are, and at all pertinent times were, individuals employed in the County of Riverside by Defendants COUNTY and RCSD and supervised and controlled by Defendants COUNTY and RCSD, as well as through other COUNTY and RCSD policymakers and managers.

8. The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 30, inclusive, and each of them, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege such defendants' true names and capacities when same have been ascertained. Plaintiffs are informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the acts and occurrences herein alleged, whether such acts and occurrences were committed intentionally, negligently, recklessly or otherwise and that each said DOE defendant is liable to plaintiff for the damages claimed herein. Plaintiff is informed and believes and thereupon alleges that each of the Defendants herein fictitiously named as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

hereinafter referred, and therefore, proximately caused the injuries and damages to Plaintiffs as herein alleged.

9. In doing the acts alleged in this complaint, Defendants, and each of them, were acting under the color of statutes, ordinances, regulations, customs, laws, and usages of the COUNTY and RCSD and the State of California and under the authority of their respective offices.

10. Defendants, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named Defendants, and each of the Defendants had approved or ratified the actions of the other Defendants thereby making all named Defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

## FACTS SHARED BY ALL CAUSES OF ACTION

11. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

12. On June 7, 2018, a Riverside County Grand Jury report titled "Riverside County Sheriff's Department Corrections Division - Correctional Centers Inmate Services Issues," notified Defendants COUNTY and RCSD of their responsibility of "providing a safe and secure environment for humane care of detained or incarcerated citizens."

13. The Riverside County Grand Jury report notified Defendants COUNTY and RCSD that the "[t]he grievance procedure is a method designed to allow an inmate/detainee to document a complaint regarding a variety of issues within the detention facility or department" and is "an important tool to rectify and mitigate problems brought to the attention of detention staff."

14. The Riverside County Grand Jury report recommended Defendants

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

COUNTY and RCSD to adopt the following: (a) All grievance responses should be written in a professional manner and be reviewed by a supervisor ensuring that the responses are professional. If the lieutenant finds a complaint is sustained, then it should be forwarded to the captain level for the appropriate disposition; (b) Policies and procedures should be modified to reflect this process; (c) All staff should receive appropriate annual training on properly and professionally responding to a grievance; (d) Grievance responses should include the policy/procedure number(s) as the reference correlating to the response for either granting or denying the grievance.

15. The Riverside County Grand Jury report also notified Defendants COUNTY and RCSD that the "California Government Code §26202.6(a)(c) with respect to video recordings requires that they be available for review for one year after the date of the original recording." The Riverside County Grand Jury did not receive requested videos due to the fact that "they had been reported lost due to a failure of the recording device."

16. The Riverside County Grand Jury report recommended Defendants COUNTY and RCSD the following: (1) provide preservation of audio/video recordings for a minimum of one year in accordance with the California Government Code §26202.6 (a) (c), and (2) provide a reliable video record, backup recorders should be available to replace units found to be malfunctioning. Checks of full functionality should be completed at least once per shift in areas such as exercise yards and Administrative Segregation and dayrooms. Sufficient tapes or digital media should be made available to meet the one year retention period required in Government Code §26202.6 (a) (c).

17. On or before May 26, 2018, Plaintiff was an inmate at the Larry D. Smith Correctional Facility ("Correctional Facility"), located at 1627 Hargrave Street in Banning, California. At all relevant times mentioned here, Plaintiff's booking number was 201724927.

18. On May 26, 2018, possibly at around 11:30 a.m., Defendant IBARRA told Plaintiff to step out of the dayroom of the Correctional Facility and to place his hands behind his back. Plaintiff complied with Defendant IBARRA's command.

19. Without reasonable cause or warning, Defendant IBARRA slammed Plaintiff's face into the wall and began to repeatedly punch Plaintiff in the head and face.

20. Plaintiff covered his face with his hands in an attempt to divert the punches by Defendant IBARRA.

21. Another Deputy Defendant DOE 1 appeared from Plaintiff's behind and began to repeatedly punch Plaintiff in the head.

22. Plaintiff fell to the ground and continued to cover his face in an attempt to protect himself from harm.

23. A third Deputy Defendant DOE 2 appeared and began kicking Plaintiff while Plaintiff was laying on the ground covering his face.

24. The three Deputy Defendants, including Defendant IBARRA and DOES 1 through 2, proceeded to kick and beat the Plaintiff repeatedly while he was laying on the ground.

25. Plaintiff made no acts and/or movements that solicited and/or justified the excessive force and battery committed on him.

26. Plaintiff sustained severe injuries, including but not limited to the following: (1) bruising and swelling on his face and head; (2) difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over much of his body.

27. Plaintiff was denied medical care and placed in a cell to bleed profusely for hours.

28. On information and belief, possible motivations for the attack may have included (1) grievances submitted regarding correctional officers wherein Plaintiff

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

was choked while in handcuffs and beaten and kicked in the face while lying on the ground; (2) the fact that Plaintiff had refused a plea bargain in his criminal prosecution and had insisted on proceeding to trial; (3) that Plaintiff had succeeded in moving the Court to order the disclosure of peace officer personnel files in his criminal prosecution; and (4) that one of the deputy/officer witnesses in Plaintiff's criminal prosecution had been caught and possibly indicted for perjury and/or falsifying evidence.

29. On information and belief, a reasonable law enforcement officer would not have used excessive force against Plaintiff under the same circumstances because: (a) Plaintiff was cooperating and was not resisting; (b) Plaintiff was unarmed; (c) Plaintiff was not a threat to anyone and as such Defendants and each of them, could not have reasonably believed that they were in imminent danger of being killed, injured or touched unlawfully; and (d) even if there was any imminent danger, DEFENDANTS and each of them, used more force than was necessary when several Defendants took turns to beat an unarmed Plaintiff.

30. At all times relevant hereto, Defendants COUNTY and RCSD were responsible for the training of all officers of Defendants COUNTY and RCSD in the proper care of individuals within their custody. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, and RODRIGUEZ were trained by the COUNTY and RCSD, at the direction, special insistence, and under the control of Defendants COUNTY and RCSD, in the proper care of individuals within their custody in accordance with the statutes, ordinances, regulations, customs, and usages of Defendants COUNTY and RCSD and the State of California. Defendant COUNTY was also responsible for enforcing the regulations of the RCSD and for ensuring that law enforcement personnel of the RCSD obeyed the laws of the State of California and the United States of America.

31. Defendants COUNTY and RCSD, by and through their supervisory

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

employees and officials, have been on notice through complaints, both formal and informal, that its officers have repeatedly engaged in a pattern and practice of purposefully abridging the rights, constitutional and otherwise, of persons within their jurisdiction. Despite such notice, the COUNTY and RCSD, and certain of the DOE Defendants, and each of them, demonstrated deliberate indifference to this pattern and practice of violations of rights by failing to take necessary, appropriate, or adequate measures to ensure the cessation of such conduct. This deliberate indifference of the Defendants amounts to an informal policy or custom, and ratification, said policy or custom ratified being another proximate cause of the injury to Plaintiffs.

32. As a direct and proximate cause of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses, costs, and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b). Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## FIRST CAUSE OF ACTION

### EXCESSIVE FORCE – 42 U.S.C. § 1983

### (Against Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1-30, inclusive, only)

33. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

34. Amongst other things and actions, Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ and Does 1 through 30, and each of them, used and/or supported and ratified the use of excessive force when they surrounded Plaintiff while he was unarmed, and proceeded to batter Plaintiff's person repeatedly by punching and kicking him

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

1   even though Plaintiff never threatened physical violence upon any of the named

2   Defendants nor was he able to carry out any type of physical violence upon named

3   Defendants while he was laying on the ground. The named Defendants and each

4   of them, acted under color of law at all times relevant to this Complaint.

5       35. On information and belief, a reasonable law enforcement officer would not

6   have used excessive force against Plaintiff under the same circumstances because:

7   (a) Plaintiff was cooperating and was not resisting; (b) Plaintiff was unarmed; (c)

8   Plaintiff was not a threat to anyone and as such Defendants and each of them,

9   could not have reasonably believed that they were in imminent danger of being

10   killed, injured or touched unlawfully; and (d) even if there was any imminent

11   danger, Defendants and each of them, used more force than was necessary when

12   several Defendants took turns to beat an unarmed and handcuffed Plaintiff.

13       36. As a result, the officers' use of excessive force was objectively

14   unreasonable under the circumstances. The excessive force used was also

15   performed with a deliberate indifference to the safety and welfare of Plaintiff.

16   Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA,

17   PEARSON, RODRIGUEZ, and DOES 1 through 30's actions thus deprived

18   Plaintiff of his right to be free from the use of excessive force by law enforcement

19   as guaranteed to him under the Fourth Amendment of the United States

20   Constitution.

21       37. As a direct and proximate result of Defendants IBARRA, HINSON,

22   BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1-

23   30's deprivations and violations of Plaintiff's Fourth Amendment rights, Plaintiff

24   suffered and continues to suffer general and special damages according to proof at

25   the time of trial.

26       38. As a further direct and proximate result of the foregoing, Plaintiff suffered

27   severe physical injuries inflicted upon him by County personnel, including but not

28   limited to the following: (1) bruising and swelling on his face and head; (2)

1  difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;"

2  (4) injuries to his hands from being beaten while handcuffed; (5) difficulty

3  walking due to pain in his legs; (6) severe pain over much of his body.

4  39. As a further direct and proximate result of the foregoing, Plaintiff suffered

5  and continues to suffer from physical ailments, depression, nightmares, mental

6  anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social

7  withdrawal, tearfulness, and anger.

8  40. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA,

9  PEARSON, RODRIGUEZ, and DOES 1 through 30's violations of Plaintiff's

10  rights as guaranteed by the Fourth Amendment of the United States Constitution

11  entitles Plaintiff to reasonable attorneys' fees and costs of suit pursuant to 42

12  U.S.C. § 1988(b).

13  41. In committing the acts described above, Plaintiff is informed and believes,

14  and thereon allege that Defendants IBARRA, HINSON, BILTON, LEVESQUE,

15  MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, only, and each

16  of them, acted with oppression, fraud, and/or malice, entitling Plaintiffs to an

17  award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil

18  Procedure § 337.34 against Defendant IBARRA, HINSON, BILTON,

19  LEVESQUE, MIRANDA, PEARSON, and RODRIGUEZ in an amount

20  according to proof at time of trial.

21  **SECOND CAUSE OF ACTION**

22  **EXCESSIVE FORCE, 42 U.S.C. § 1983, *MONELL***

23  **(Plaintiffs v. COUNTY, RCSD, and DOES 1-30)**

24  42. Plaintiffs re-allege and incorporates by reference each and every allegation

25  contained in this Complaint as though set forth herein in full.

26  43. Defendants COUNTY, RCSD, and DOES 1 through 30 maintained an

27  unconstitutional custom, policy or practice, within the meaning of *Monell v.*

28  *Department of Social Services of the City of New York,* 436 U.S. 658

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

**10**

(1978) (*"Monell"*), for detaining and/or arresting individuals with the use of excessive and/or deadly force that deprived and continues to deprive persons of life, liberty and property.

44. Defendants either knew or had constructive knowledge that it should train its law enforcement personnel in the use of proper force when detaining an unarmed and/or handcuffed detainee within their custody. Despite having this knowledge, Defendants condoned, tolerated and through actions and inactions thereby ratified such policies.

45. The unconstitutional policy, custom, practice and refusal of Defendants COUNTY and RCSD to train its employees, including INDIVIDUAL DEPUTIES, on the use of proper force when detaining an unarmed and handcuffed detainee, described above, was a direct cause of Plaintiff's injuries in this case, without which the injuries would not have occurred.

46. By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants COUNTY and RCSD acted with an intentional, reckless, and callous disregard for the life and constitutional and human rights of Plaintiff.

47. The conduct alleged herein violated Plaintiff's right alleged above which has legally, proximately, foreseeably and actually caused Plaintiffs to suffer general and special damages according to proof at the time of trial.

48. As a direct and proximate result of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30's deprivations and violations of Plaintiff's Fourth Amendment rights, Plaintiff suffered and continues to suffer general and special damages according to proof at the time of trial.

49. As a further direct and proximate result of the foregoing, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) bruising and swelling on his face and head; (2)

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

11

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

1   difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;"

2   (4) injuries to his hands from being beaten while handcuffed; (5) difficulty

3   walking due to pain in his legs; (6) severe pain over much of his body.

4   50. As a further direct and proximate result of the foregoing, Plaintiff suffered

5   and continues to suffer from physical ailments, depression, nightmares, mental

6   anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social

7   withdrawal, tearfulness, and anger.

8   51. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA,

9   PEARSON, RODRIGUEZ, and DOES 1 through 30's violations of PLAINTIFF's

10   rights as guaranteed by the Fourth Amendment of the United States Constitution

11   entitles Plaintiff to reasonable attorneys' fees and costs of suit pursuant to 42

12   U.S.C. § 1988(b).

13   52. In committing the acts described above, Plaintiff is informed and believes,

14   and thereon alleges that Defendants IBARRA, HINSON, BILTON, LEVESQUE,

15   MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, only, and each

16   of them, acted with oppression, fraud, and/or malice, entitling Plaintiffs to an

17   award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil

18   Procedure § 337.34 against Defendant IBARRA, HINSON, BILTON,

19   LEVESQUE, MIRANDA, PEARSON, and RODRIGUEZ in an amount

20   according to proof at time of trial.

21   **<u>THIRD CAUSE OF ACTION</u>**

22   **FAILURE TO PROPERLY TRAIN, SUPERVISE AND DISCIPLINE, 42**

23   **U.S.C. § 1983, *MONELL***

24   **(Plaintiffs v. COUNTY, RCSD, and DOES 1-30)**

25   53. Plaintiffs re-allege and incorporates by reference each and every allegation

26   contained in this complaint as though set forth herein in full.

27   54. The COUNTY, RCSD, and DOES 1 through 30 as a matter of custom,

28   practice, and policy, failed to maintain adequate and proper training for officers

**12**

and law enforcement personnel in the RCSD necessary to educate the officers as to the Constitutional rights of detainees, to prevent the consistent and systematic use of excessive force by detaining officers, deputies, and/or sheriffs, and/or to prevent the excessive force and extra judicial punishment of potential detainees by its officers, deputies and/or sheriffs.

55. Defendants COUNTY, RCSD, and DOES 1 through 30 also failed to provide adequate supervision and discipline to officers, deputies, and/or sheriffs that hold the power, authority, insignia, equipment, weapons, and/or other type of means entrusted to them as described herein. COUNTY and RCSD also failed to promulgate and enforce adequate policies and procedures related to the use of proper force, and when to cease and desist the use of excessive force in detaining an unarmed and/or handcuffed detainee.

56. Defendants COUNTY and RCSD'S failures to supervise and discipline offending officers, deputies, and/or sheriffs that fostered and/or practiced the custom, practice, and/or policy to use excessive force towards unarmed and/or handcuffed detainees within RCSD resulted in the brutal and violent attack to Plaintiff's person.

57. By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants COUNTY and RCSD acted with an intentional, reckless, and callous disregard for the life and constitutional and human rights of Plaintiff.

58. Said custom, practice, and policy included a failure to adequately investigate, supervise and discipline offending officers that fostered the custom, practice, and policy within the RCSD which resulted in the brutal and violent attack to Plaintiff's person.

59. Therefore, these Defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

60. The failure to promulgate or maintain constitutionally adequate policies

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

1 regarding training and impartiality was done with deliberate indifference to the

2 rights of Plaintiff and others in his position.

3     61. The constitutionally infirm lack of adequate training, supervision, and

4 discipline as to the officers and law enforcement personnel in this case caused

5 Plaintiff to suffer general and special damages according to proof at the time of

6 trial.

7     62. As a direct and proximate result of Defendants IBARRA, HINSON,

8 BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1

9 through 30's deprivations and violations of Plaintiff's Fourth Amendment rights,

10 Plaintiff suffered and continues to suffer general and special damages according to

11 proof at the time of trial.

12     63. As a further direct and proximate result of the foregoing, Plaintiff suffered

13 severe physical injuries inflicted upon him by County personnel, including but not

14 limited to the following: (1) bruising and swelling on his face and head; (2)

15 difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;"

16 (4) injuries to his hands from being beaten while handcuffed; (5) difficulty

17 walking due to pain in his legs; (6) severe pain over much of his body.

18     64. As a further direct and proximate result of the foregoing, Plaintiff suffered

19 and continues to suffer from physical ailments, depression, nightmares, mental

20 anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social

21 withdrawal, tearfulness, and anger.

22     65. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA,

23 PEARSON, RODRIGUEZ, and DOES 1 through 30's violations of PLAINTIFF's

24 rights as guaranteed by the Fourth Amendment of the United States Constitution

25 entitles Plaintiff to reasonable attorneys' fees and costs of suit pursuant to 42

26 U.S.C. § 1988(b).

27     66. In committing the acts described above, Plaintiff is informed and believes,

28 and thereon allege that Defendants IBARRA, HINSON, BILTON, LEVESQUE,

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

MIRANDA, PEARSON, RODRIGUEZ, and DOES 1-30, only, and each of them, acted with oppression, fraud, and/or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendant IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, and RODRIGUEZ in an amount according to proof at time of trial.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

67. Plaintiffs re-allege and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

68. On or about May 26, 2018, at the time and place described above, each of the Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 were sheriff deputies acting within the course and scope of their employment who negligently, carelessly, and without reasonable care used excessive force and battered Plaintiff. Alternatively, at the time and place described above, each of the Defendants came upon Plaintiff and negligently, carelessly and/or recklessly concluded that he presented a risk of death or serious injury or harm to one of them, thereby necessitating the use of severe and deadly force against him.

69. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, and each of them, had the duty to exercise ordinary care towards the Plaintiff and should have known that subjecting the Plaintiff to conduct described herein would lead to bodily injury or death and foreseeably cause the Plaintiff to suffer harm.

70. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, breached their legal duty by failing to act reasonably in light of the circumstances.

71. As a legal result of the Defendants' negligent conduct as described here, Plaintiff suffered and continues to suffer general and special damages according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

72. As a further direct and proximate result of the foregoing, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) bruising and swelling on his face and head; (2) difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over much of his body.

73. As a further direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

74. On information and belief, the wrongful acts and conduct of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

75. The COUNTY and RCSD are vicariously liable for the wrongful acts of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

## FIFTH CAUSE OF ACTION

### BATTERY

### (Against All Defendants)

70. Plaintiffs re-allege and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

71. Plaintiff is informed and believes that Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, with the knowledge, permission and consent of Defendants COUNTY and RCSD, decided to batter Plaintiff and use excessive force against him, including kicking and beating the Plaintiff repeatedly while he was laying on the ground and choking the Plaintiff while he was handcuffed, though Plaintiff had not posed any reasonable threat of death or serious bodily injury to anyone.

72. Plaintiff did not consent to being battered or the use of that excessive force being employed upon his person.

73. Each of the Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 battered Plaintiff, including kicking and beating the Plaintiff repeatedly while he was laying on the ground and choking the Plaintiff while he was handcuffed, with the intent to harm and/or offend him. Plaintiff was in fact harmed by the attack, resulting in his sustaining severe pain and injury to his mind and body.

74. As a direct and proximate result of the battery and excessive force described above, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) bruising and swelling on his face and head; (2) difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over much of his body.

75. As a further direct and proximate result of the foregoing, Plaintiff suffered

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

1   and continues to suffer from physical ailments, depression, nightmares, mental

2   anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social

3   withdrawal, tearfulness, and anger.

4   76. As a direct and proximate result of the negligent and careless acts

5   described above, Plaintiff has been generally and specially damaged in a sum to

6   be established according to proof at the time of trial, as provided in Cal. Code of

7   Civ. Proc. §§ 425.10 and 425.11.

8   77. On information and belief, the wrongful acts and conduct of Defendants

9   IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON,

10   RODRIGUEZ, and DOES 1 through 30, as set forth above, was conducted or

11   occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly,

12   and with conscious and reckless disregard for the rights and safety of Plaintiff,

13   entitling Plaintiff to an award of exemplary damages as provided by Section

14   337.34 of the California Code of Civil Procedure.

15   78. The COUNTY and RCSD are vicariously liable for the wrongful acts of

16   Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA,

17   PEARSON, RODRIGUEZ, and DOES 1 through 30 pursuant to section 815.2 of

18   the California Government Code, which provides that a public entity is liable for

19   the injuries caused by its employees within the scope of the employment if the

20   employee's act would subject him or her to liability.

### SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

24   79. Plaintiffs re-allege and incorporates by reference each and every allegation

25   contained in this complaint as though set forth herein in full.

26   80. While being detained by Defendants IBARRA, HINSON, BILTON,

27   LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30,

28   and while in the custody of the Defendants COUNTY and RCSD, Plaintiff was

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

**18**

1   harassed, beaten and subjected to excessive force, including kicking and beating

2   the Plaintiff repeatedly while he was laying on the ground and choking the

3   Plaintiff while he was handcuffed.

4       81. By their herein described unprivileged and unlawful conduct, Defendants

5   IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON,

6   RODRIGUEZ, and DOES 1 through 30, clearly engaged in extreme, outrageous,

7   malicious, and unprivileged conduct, that was intended to cause, and did cause, or

8   recklessly disregarded the probability of causing, Plaintiff to suffer severe

9   emotional and mental distress.

10      82. As a direct, legal and/or proximate result of the herein described unlawful

11   and unprivileged conduct, Plaintiff suffered severe emotional and mental distress

12   including, but not limited to, shock to his nervous system, mental anguish, fright,

13   horror, nervousness, grief, anxiety, worry, humiliation, and shame.

14      83. On information and belief, the wrongful acts and conduct of Defendants

15   IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON,

16   RODRIGUEZ, and DOES 1 through 30, as set forth above, was conducted or

17   occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly,

18   and with conscious and reckless disregard for the rights and safety of Plaintiff,

19   entitling Plaintiff to an award of exemplary damages as provided by Section

20   337.34 of the California Code of Civil Procedure.

21      84. The COUNTY and RCSD are vicariously liable for the wrongful acts of

22   Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA,

23   PEARSON, RODRIGUEZ, and DOES 1 through 30 pursuant to section 815.2 of

24   the California Government Code, which provides that a public entity is liable for

25   the injuries caused by its employees within the scope of the employment if the

26   employee's act would subject him or her to liability.

27   ///

28   ///

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

## SEVENTH CAUSE OF ACTION

## VIOLATION OF RALPH ACT, CAL. CIVIL CODE § 51.7

### (Against All Defendants)

85. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

86. Plaintiff is informed and believes that each of the Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 decided to batter and use excessive force upon the Plaintiff, including kicking and beating the Plaintiff repeatedly while he was laying on the ground and choking the Plaintiff while he was handcuffed, as a result of their racial prejudice against him because he was an African-American male. Plaintiff contends that the Defendants would not have battered Plaintiff all over the head and body and used excessive force upon his person had he not been African-American.

87. Consequently, in choosing to exercise severe and malicious force against Plaintiff, each of the Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 discriminated against him on account of his race and deprived him of civil rights protected under the California Constitution.

88. In committing the acts described above, each of the Defendants violated Plaintiff's right to be free from violence and intimidation by threats of violence because of his race, as guaranteed him by Civil Code § § 51.7 and 43, in that Defendants battered and used excessive force upon the Plaintiff, and intimidated him by threatening to so batter and use excessive force against him.

89. As a direct and proximate result of the negligent and careless acts described above, Plaintiff has been generally and specially damaged in a sum to be established according to proof at the time of trial, as provided in Cal. Code of

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

1  Civ. Proc. §§ 425.10 and 425.11.

2    90. As a direct and proximate result of the battery and excessive force

3  described above, Plaintiff suffered severe physical injuries inflicted upon him by

4  County personnel, including but not limited to the following: (1) bruising and

5  swelling on his face and head; (2) difficulty eating due to injuries to his mouth and

6  face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while

7  handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over

8  much of his body.

9    91. As a further direct and proximate result of the foregoing, Plaintiff suffered

10  and continues to suffer from physical ailments, depression, nightmares, mental

11  anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social

12  withdrawal, tearfulness, and anger.

13    92. In doing the acts alleged in this complaint, each of the Defendants

14  IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON,

15  RODRIGUEZ, and DOES 1 through 30, knew or through the exercise of

16  reasonable diligence should have known, that their actions were highly likely to

17  severely and/or fatally injure Plaintiff. Plaintiff is informed and believes, and on

18  that basis alleges, that each of those defendants intended to cause Plaintiff injury

19  and acted with a malicious, willful and conscious disregard for his rights as

20  secured by Civil Code § 51.7. He did nothing to justify the use of excessive force

21  against him. He was unarmed and had not posed any reasonable threat of death or

22  serious bodily harm to any person at or about the scene. He did not attempt to

23  resist. The unjustified use of excessive force against him was inflicted, in whole or

24  in part, on account of his race and with the intent to maliciously and oppressively

25  deny him of his civil rights, and/or to deprive him of his life, and/or to inflict

26  severe bodily injury on him. Accordingly, the conduct of IBARRA, HINSON,

27  BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1

28  through 30 in battering and using excessive force upon his person him the

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

1   awarding of punitive damages against each of them pursuant to Civil Code §

2   52(b)(1) and Civil Code § 3294.

3   93. As a further legal result of this civil rights violation, the Plaintiffs seek the

4   award of reasonable attorney fees as provided for in Civil Code § § 52.1(b) and

5   52.1(h), in an amount to be determined according to proof at trial.

6   94. As a further legal result of this civil rights violation, the Plaintiffs seek in

7   addition to the other damages stated here, the statutory civil penalty of $25,000

8   per wrongdoer, except as to Defendants COUNTY, RCSD and DOES 1 through

9   30, pursuant to Civil Code § 52(b)(2).

10   95. Defendants COUNTY and RCSD are vicariously liable for the wrongful

11   acts of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA,

12   PEARSON, RODRIGUEZ, and DOES 1 through 30 pursuant to section 815.2 of

13   the California Government Code, which provides that a public entity is liable for

14   the injuries caused by its employees within the scope of the employment if the

15   employee's act would subject him or her to liability.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF BANE ACT, CAL. CIVIL CODE § 52.1

#### (Against All Defendants)

19   96. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and

20   incorporates the same herein by this reference as if those paragraphs were set forth

21   in full herein.

22   97. On or about May 26, 2018, at the time and place described above, each of

23   the Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA,

24   PEARSON, RODRIGUEZ, and DOES 1 through 30 interfered with Plaintiff's

25   exercise and enjoyment of rights guaranteed him by Civil Code § 52.1 and

26   California Constitution, Article I, § § 7 and 31, including the right to equal

27   protection under the laws of California and the right not to be discriminated

28   against on account of his race. Specifically, each of these Defendants

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

1   discriminated against and interfered with Plaintiff's right to be free from any

2   threats and/or acts of violence or intimidation on account of his race; and, Plaintiff

3   was additionally discriminated against and denied equal protection and equal

4   rights under the law in that he was battered and subjected to excessive force on

5   account of his race as an African American.

6   98. As a direct and proximate result of the negligent and careless acts

7   described above, Plaintiff has been generally and specially damaged in a sum to

8   be established according to proof at the time of trial, as provided in Cal. Code of

9   Civ. Proc. §§ 425.10 and 425.11.

10   99. As a direct and proximate result of the battery and excessive force

11   described above, Plaintiff suffered severe physical injuries inflicted upon him by

12   County personnel, including but not limited to the following: (1) bruising and

13   swelling on his face and head; (2) difficulty eating due to injuries to his mouth and

14   face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while

15   handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over

16   much of his body.

17   100.        As a further direct and proximate result of the foregoing, Plaintiff

18   suffered and continues to suffer from physical ailments, depression, nightmares,

19   mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping,

20   social withdrawal, tearfulness, and anger.

21   101.        In doing the acts alleged in this complaint, each of the Defendants

22   IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON,

23   RODRIGUEZ, and DOES 1 through 30, knew or through the exercise of

24   reasonable diligence should have known, that their actions were highly likely to

25   severely and/or fatally injure Plaintiff. Plaintiff is informed and believes, and on

26   that basis alleges, that each of those defendants intended to cause Plaintiff injury

27   and acted with a malicious, willful and conscious disregard for his rights as

28   secured by Civil Code § 51.7. He did nothing to justify the use of excessive force

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

against him. He was unarmed and had not posed any reasonable threat of death or serious bodily harm to any person at or about the scene. He did not attempt to resist. The unjustified use of excessive force against him was inflicted, in whole or in part, on account of his race and with the intent to maliciously and oppressively deny him of his civil rights, and/or to deprive him of his life, and/or to inflict severe bodily injury on him. Accordingly, the conduct of IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 in battering and using excessive force upon his person him the awarding of punitive damages against each of them pursuant to Civil Code § 52(b)(1) and Civil Code § 3294.

102.    As a further legal result of this civil rights violation, the Plaintiffs seek the award of reasonable attorney fees as provided for in Civil Code § § 52.1(b) and 52.1(h), in an amount to be determined according to proof at trial.

103.    As a further legal result of this civil rights violation, the Plaintiffs seek in addition to the other damages stated here, the statutory civil penalty of $25,000 per wrongdoer, except as to Defendants COUNTY, RCSD and DOES 1 through 30, pursuant to Civil Code § 52(b)(2).

104.    Defendants COUNTY and RCSD are vicariously liable for the wrongful acts of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and Does 1 through 30, inclusive, as follows:

1.  For general damages in an amount to be determined according to proof at trial;

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

2. For special damages in a sum according to proof at the time of trial;

3. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

4. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to Civil Code § 52(a), (b)(3) and 42 U.S.C. § 1988 (b);

5. For punitive damages against each of the defendants except Defendants COUNTY and RCSD pursuant to Civil Code § 52(b)(1), § 3294 and 42 U.S.C. § 1983;

6. For a statutory civil penalty of $25,000 pursuant to Civil Code § 52(b)(2) against each of the Defendants, except Defendants COUNTY and RCSD;

7. For such other and further relief as the Court deems just and proper.

DATED: January 25, 2019          **MCMURRAY HENRIKS, LLP**

By: _____

Yana G. Henriks, Esq.
Attorneys for Plaintiff *JARRELL RAYVON ALLEN*

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

### ***DEMAND FOR JURY TRIAL***

Plaintiff JARRELL RAYVON ALLEN hereby demands a jury trial.

DATED: January 25, 2019          **MCMURRAY HENRIKS, LLP**

By: _____

Yana G. Henriks, Esq.
Attorneys for Plaintiffs *JARRELL RAYVON ALLEN*

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036