1 Randy H. McMurray, Esq. (SBN 126888)
Email: rmcmurray@law-mh.com
2 Yana G. Henriks, Esq. (SBN 250638)
Email: yhenriks@law-mh.com
3 **McMURRAY HENRIKS, LLP**
4 5670 Wilshire Blvd., Suite 1450
Los Angeles, California 90036
5 Telephone: (323) 931-6200
6 Facsimile: (323) 931-9521

7 Attorneys for Plaintiff, **JARRELL RAYVON ALLEN**

8

## UNITED STATES DISTRICT COURT
9
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
10

11

12 JARRELL RAYVON ALLEN, an individual,

13

14                   Plaintiffs,

15                          v.

16

17 COUNTY OF RIVERSIDE, a California municipal entity;
18 RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, a California municipal entity; CORPORAL LUIS IBARRA, an
19 individual; DEPUTY NIGEL HINSON, an individual; DEPUTY MATT
20 BILTON, an individual; DEPUTY ANTHONY LEVESQUE, an
21 individual; DEPUTY SHERIFF LORENA MIRANDA, an individual;
22 DEPUTY ANDREW PEARSON, an individual; DEPUTY JOSEPH
23 RODRIGUEZ, an individual; and DOES 1-30, inclusive,

24

25                   Defendants.

26

27

28

**Case No.: 5:19-cv-00153-RGK-SHK**
[*Assigned to the Hon. R. Gary Klausner, Courtroom 850*]

**FIRST AMENDED COMPLAINT FOR DAMAGES:**

1. **Excessive Force; 42 U.S.C. § 1983;**
2. **Excessive Force; 42 U.S.C. § 1983, *Monell*;**
3. **Failure to Train, Supervise, and Discipline; 42 U.S.C. § 1983, *Monell*;**
4. **Negligence;**
5. **Battery;**
6. **Intentional Infliction Of Emotional Distress;**
7. **Civil Rights Violations (Civil Code § 52.1(b)(h) – Bane Act)**

**DEMAND FOR JURY TRIAL**

Action filed: January 25, 2019

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

**1**
PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JARRELL RAYVON ALLEN (herein "Plaintiff") hereby alleges as follows:

## INTRODUCTORY STATEMENT

This is a civil rights action seeking monetary damages from Defendants for violating various rights under the United States Constitution and California state law in connection with the wrongful use of excessive force and denial of minimally adequate medical care against Plaintiff on May 26, 2018.

## JURISDICTION

1.  This is a civil suit brought under the Federal Civil Rights Act, 42 U.S.C. § 1983 for violation of Plaintiff's rights as secured by the United States Constitution. This court has "Federal Question" subject matter jurisdiction over the parties and claims pursuant to 28 U.S.C. §1343(3) and 28 U.S.C. §1331. The Court has personal jurisdiction over the parties in that each defendant is a citizen of the state of California and a resident of the County of Riverside. Defendants performed all torts alleged herein in the County of Riverside.

## VENUE

2.  Venue is proper in the Central District of California under 28 U.S.C. sections 1391 (a) and (b) in that the underlying acts and injuries upon which the present action is based occurred in the County of Riverside, California. Moreover, all of the defendants live and work in the County of Riverside.

## PARTIES

3.  JARRELL RAYVON ALLEN is and was at all relevant times herein, an individual residing in Riverside County, State of California.

4.  Defendant COUNTY OF RIVERSIDE (herein "COUNTY") is and was at all times relevant herein, a municipal corporation and political subdivision, organized and existing under the laws of the State of California, and owns, operates, manages, directs and/or controls RIVERSIDE COUNTY SHERIFF'S

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

DEPARTMENT.

5.  On July 9, 2018, Plaintiff presented Defendant COUNTY with a Claim for Damages sustained as a result of the incident described in this Complaint pursuant to California Government Code §§ 905, 910 et seq. As the date of the filing of the instant Complaint, said Claim has been deemed denied by operation of law.

6.  Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT (herein "RCSD") is and was at all times relevant herein, a municipal corporation and a subdivision of the COUNTY.

7.  Defendants CORPORAL LUIS IBARRA ("IBARRA"), DEPUTY NIGEL HINSON ("HINSON"), DEPUTY MATT BILTON ("BILTON"), DEPUTY ANTHONY LEVESQUE ("LEVESQUE"), DEPUTY SHERIFF LORENA MIRANDA ("MIRANDA"), DEPUTY ANDREW PEARSON ("PEARSON"), and DEPUTY JOSEPH RODRIGUEZ ("JOSEPH RODRIGUEZ") (collectively "INDIVIDUAL DEPUTIES") are, and at all pertinent times were, individuals employed in the County of Riverside by Defendants COUNTY and RCSD and supervised and controlled by Defendants COUNTY and RCSD, as well as through other COUNTY and RCSD policymakers and managers.

8.  The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 30, inclusive, and each of them, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege such defendants' true names and capacities when same have been ascertained. Plaintiffs are informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the acts and occurrences herein alleged, whether such acts and occurrences were committed intentionally, negligently, recklessly or otherwise and that each said DOE defendant is liable to plaintiff for the damages claimed herein. Plaintiff is informed and believes and thereupon alleges that each of the Defendants herein fictitiously named as a DOE is legally responsible,

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

**3**

negligently or in some other actionable manner, for the events and happenings hereinafter referred, and therefore, proximately caused the injuries and damages to Plaintiffs as herein alleged.  One or several of the fictitiously named defendants may be identical to one or several named defendants.

9.  In doing the acts alleged in this complaint, Defendants, and each of them, were acting under the color of statutes, ordinances, regulations, customs, laws, and usages of the COUNTY and RCSD and the State of California and under the authority of their respective offices.

10. Defendants, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named Defendants, and each of the Defendants had approved or ratified the actions of the other Defendants thereby making all named Defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

**FACTS SHARED BY ALL CAUSES OF ACTION**

11. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

**Prior Denial of Medical Care Incidents – *Gray* Class Action and Consent Decree**

12. On March 8, 2013, a class action was filed by prisoners against the County of Riverside and Riverside County Sheriff's Department for, *inter alia*, failure to provide minimally adequate medical care to inmates in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution: *Quinton Gray v. County of Riverside*, C.D. Cal. no. 13-cv-0444-VAP-OP (Eastern Division).

13. On information and belief based on pleadings filed in the *Gray* case, Riverside County has one of the largest jail systems in California, with nearly

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

1  4,000 men and women held in five detention facilities. The thousands of men and

2  women locked in Riverside's jails face cruel and inhumane deficits in medical and

3  mental health care.  Prisoners in the Riverside jails are subjected to policies and

4  practices that systematically deprive them of their constitutional right to basic life-

5  saving care.

6  14. The *Gray* plaintiffs alleged several specific cases where prisoners in the

7  custody of Defendants COUNTY and RCSD were harmed by deliberate

8  indifference to their serious medical needs. For example:

   a. On August 2, 2011, a prisoner in the Riverside jails, at the Larry D.
      Smith Correctional Facility, was seen by a nurse for ear pain. He was
      not examined by a doctor, though he was prescribed medication over
      the phone. Five days later he was seen again by a nurse for worsening
      pain, and was again not examined by a doctor, though he was
      prescribed more medication. After another visit two weeks later, a
      doctor again prescribed mediation without actually examining the
      prisoner. On two subsequent occasions, the prisoner reported
      bleeding from his ear and nevertheless, he was not seen by a doctor.
      Finally, in October of 2011 the prisoner was seen by a specialist and
      found to have pus in his hear – never was he seen by a doctor.

   b. In October 2012, another prisoner in the Riverside jails, after having
      been assaulted in the prison, complained of a head injury and severe
      and repeated pain, which are potential indicators of severe brain
      injury requiring immediate treatment. Nevertheless, the prisoner was
      not assessed for serious injuries for several days and emergency
      treatment was delayed. When we was finally seen by emergency
      personnel, it was discovered that he was suffering from a brain bleed
      that, if allowed to continue any longer, could have been fatal.

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

c. Around the time the *Gray* suit was filed, Angela Patterson was a prisoner in the Riverside jails. She had severe injuries sustained in a car accident and had a temporary filter placed in the blood vessel supplying her heart to prevent clots. She was nevertheless subject to multiple delays, cancellations, appointment mix-ups, and failures to provide follow-up treatment, resulting in the build-up of scar tissue at the site of the filter and risk of fatal bleeds.

15. On June 7, 2016, the District Court certified the *Gray* class of plaintiffs and also entered a consent decree whereby the County of Riverside agreed, *inter alia*, "to implement all of the remedial measures … set forth in the Remedial Plan … designed to meet the minimum level of health care necessary to fulfill Defendant's obligations under the Eighth and Fourteenth Amendments…."

## Prior Excessive Force and Denial of Care Incident – March 24, 2017 Death of Phillip Soto Garcia, Jr.

16. On information and belief based on pleadings and evidence filed in the pending lawsuit of *Mary H. Garcia et al. v. Sergeant Ayala et al.*, C.D. Cal. no. 5:18-cv-839-SJO-ASx, on March 22, 2017, Phillip Soto Garcia, Jr., a mentally ill individual who suffered from seizures, was a prisoner at the Larry D. Smith Correctional Facility and in the custody of the Riverside Sheriff's Department.

17. While incarcerated alone in a 12 foot by 8 foot by 8 foot "sobering cell," Garcia began suffering a psychotic episode. Defendant Deputy PEARSON fired several rounds of "pepperballs" – which emit chemical toxins that "create a feeling of helplessness and induce panic" in the targeted victim – into Garcia's cell on at least 5 occasions. Following the pepperball saturation of Garcia's cell, no decontamination measures were used to remove the chemical toxins from Garcia's person. Garcia was left in that state for around 18 hours.

18. Subsequently, a Riverside County sheriff's deputy fired a "stinger grenade" into Garcia's cell. Several deputies rushed into the cell, tackled and piled on to

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

Garcia, and began to beat, brutalize, and use a Taser on him, excessively and unnecessarily even though Garcia was compliant. Among the deputies who participated in the beating of Garcia were Defendant Deputies PEARSON, HINSON, and MIRANDA.

19. Defendant HINSON punched Garcia several times on the side of his face and in his back and applied an unnecessary carotid restraint hold. After Garcia was handcuffed and while he was being restrained in the ERC, HINSON punched Garcia at least four times on the right side of his abdomen.

20. Defendant MIRANDA pressed his body weight into Garcia in an unnecessary and unreasonable way at a time when Garcia was compliant and was already handcuffed.

21. Garcia, under the influence of the pepperballs, the stinger grenade, and the deputy beating, was handcuffed and then restrained in a 4-point emergency Restraint Chair ("ERC"). While he was being moved to the ERC, Defendant Deputy PEARSON used a salivary gland pressure point maneuver on Garcia. The maneuver was completely unnecessary as Garcia was already handcuffed and under the influence of the pepperballs. Defendant Deputy PEARSON used the maneuver solely to inflict pain on Garcia.

22. On March 24, 2017, Garcia died while in custody of the Riverside County Sheriff's Department. Garcia's death was caused by the excessive force and control methods used by Riverside County Sheriff's Deputies, including Defendant Deputies PEARSON, HINSON, and MIRANDA.

23. PEARSON, HINSON, and MIRANDA violated Riverside County Sheriff's Department Corrections Policies regarding the manner of use of certain control devices and maneuvers on prisoners. Nevertheless, PEARSON, HINSON, and MIRANDA were not fired, disciplined, or forced to undergo reasonable corrective training with regard to their treatment of prisoner Garcia.

24. This lack of consequences was due to a longstanding unwritten custom of

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants COUNTY and RCSD to permit and turn a blind eye to deputies' or other officers' conducting extrajudicial, violative, unofficial, and/or unconstitutional reprisals against inmates perceived as undesirable or troublesome. These reprisals often include the elements of the use of excessive and unreasonable force and the improper, unnecessary, and harmful use of control maneuvers and devices. This custom has introduced an air of impunity among certain of the personnel of the Riverside County corrections system that has led to additional unconstitutional treatment of prisoners.

25.    On April 23, 2018, the family of Mr. Garcia sued the County of Riverside, Sheriff of Riverside County, the involved deputies, and other parties for wrongful/death, violation of 42 U.S.C. § 1983, excessive force in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution, and cruel and unusual punishment and deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution. The case is pending.

### May 6, 2018 Beating of Jarrell Rayvon Allen

26. On or before May 26, 2018, Plaintiff was an inmate at the Larry D. Smith Correctional Facility ("Correctional Facility" or "LSCF"), located at 1627 Hargrave Street in Banning, California. At all relevant times mentioned here, Plaintiff's booking number was 201724927.

27. On May 26, 2018, possibly at around 11:30 a.m., Defendant IBARRA told Plaintiff to step out of the dayroom of the Correctional Facility and to place his hands behind his back. Plaintiff complied with Defendant IBARRA's command.

28. Without reasonable cause or warning, Defendant IBARRA slammed Plaintiff's face into the wall and began to repeatedly punch Plaintiff in the head and face.

29. Plaintiff covered his face with his hands in an attempt to divert the punches by Defendant IBARRA.

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

30. Another Deputy Defendant DOE 1, appeared from Plaintiff's behind and began to repeatedly punch Plaintiff in the head.

31. Plaintiff fell to the ground and continued to cover his face in an attempt to protect himself from harm.

32. A third Deputy Defendant DOE 2, appeared and began kicking Plaintiff while Plaintiff was laying on the ground covering his face.

33. The three Deputy Defendants – Defendant IBARRA and DOES 1 and 2 – proceeded to kick and beat the Plaintiff repeatedly while he was laying on the ground.

34. During the beating the deputies handcuffed Plaintiff. Nevertheless, they continued to beat, punch, and kick him after he was handcuffed.

35. Plaintiff made no acts and/or movements that solicited and/or justified the excessive force and battery committed on him.

36. Plaintiff sustained severe injuries, including but not limited to the following: (1) bruising and swelling on his face and head; (2) difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over much of his body.

37. The beating had left Plaintiff with the abovementioned external and internal injuries. Additionally, several of the abovementioned injuries left open sores on Plaintiff's body that were bleeding profusely. Defendant Deputies and Defendant COUNTY and RCSD's staff would have or should have known from the Plaintiff's visible appearance and cries for help that he was in serious need of immediate medical care. That immediate medical care would have prevented much of the injury suffered, including (1) permanent or longstanding impairment of movement, (2) disfigurement, and (3) longstanding or permanent pain. Nevertheless, the Defendant Deputies threw the Plaintiff into a different cell and did not call, refer him for, or bring him to a place where he would immediately

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

receive medical treatment. Plaintiff, in intense pain and mental distress, kept crying out for medical attention but none was provided. Eventually, four or more hours later, psychiatric personnel came to interview Plaintiff who, upon seeing the Plaintiff's physical injuries and profuse bleeding, figured that Plaintiff needed immediate medical attention and not a psychiatric evaluation. Nevertheless, Plaintiff did not receive medical attention until approximately twelve (12) hours later, which significantly exacerbated the severity, length, and pain of his injuries.

38. On or around May 27, 2018, Plaintiff submitted an official grievance regarding the May 26, 2018 beating incident.

39. After the incident, Vivian Allen, the Plaintiff's mother, visited and spoke with the Plaintiff about the incident and observed the physical signs of the Plaintiff's injuries. On or around June 1, 2018, Ms. Allen spoke to a Lieutenant, or other mid to high ranking officer, named "Elia" – or a similar name – at LCSF and reported and complained about her son's beating, his physical injuries, and LCSF's failure to provide him with adequate medical care. Lieutenant "Elia" responded that he had viewed surveillance footage of the incident and that the Defendant Deputies' conduct toward the Plaintiff was justified and according to Department protocol.

40. On information and belief, possible motivations for the attack may have included (1) prior grievances submitted regarding correctional officers wherein Plaintiff was choked while in handcuffs and beaten and kicked in the face while lying on the ground; (2) the fact that Plaintiff had refused a plea bargain in his criminal prosecution and had insisted on proceeding to trial; (3) that Plaintiff had succeeded in moving the Court to order the disclosure of peace officer personnel files in his criminal prosecution; and (4) that one of the deputy/officer witnesses in Plaintiff's criminal prosecution had been caught and possibly indicted for perjury and/or falsifying evidence.

41. On information and belief, a reasonable law enforcement officer would not

**10**

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

have used excessive force against Plaintiff under the same circumstances because: (a) Plaintiff was cooperating and was not resisting; (b) Plaintiff was unarmed; (c) Plaintiff was not a threat to anyone and as such Defendants and each of them, could not have reasonably believed that they were in imminent danger of being killed, injured or touched unlawfully; and (d) even if there was any imminent danger, DEFENDANTS and each of them, used more force than was necessary when several Defendants took turns to beat an unarmed Plaintiff.

42. At all times relevant hereto, Defendants COUNTY and RCSD were responsible for the training of all officers of Defendants COUNTY and RCSD in the proper care of individuals within their custody. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, and RODRIGUEZ were trained by the COUNTY and RCSD, at the direction, special insistence, and under the control of Defendants COUNTY and RCSD, in the proper care of individuals within their custody in accordance with the statutes, ordinances, regulations, customs, and usages of Defendants COUNTY and RCSD and the State of California. Defendant COUNTY was also responsible for enforcing the regulations of the RCSD and for ensuring that law enforcement personnel of the RCSD obeyed the laws of the State of California and the United States of America.

43. Defendants COUNTY and RCSD, by and through their supervisory employees and officials, have been on notice through complaints, both formal and informal, that its officers have repeatedly engaged in a pattern and practice of purposefully abridging the rights, constitutional and otherwise, of persons within their jurisdiction. Despite such notice, the COUNTY and RCSD, and certain of the DOE Defendants, and each of them, demonstrated deliberate indifference to this pattern and practice of violations of rights by failing to take necessary, appropriate, or adequate measures to ensure the cessation of such conduct. This deliberate indifference of the Defendants amounts to an informal policy or

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

1    custom, and ratification, said policy or custom ratified being another proximate

2    cause of the injury to Plaintiffs.

3    44. As a direct and proximate cause of the acts alleged above, Plaintiff has had

4    to hire the services of an attorney. Plaintiff has incurred and continues to incur

5    legal expenses, costs, and attorneys' fees, and is entitled to an award of attorneys'

6    fees and costs pursuant to 42 U.S.C. § 1988(b). Plaintiff is presently unaware of

7    the precise amount of these expenses and fees and prays leave of court to amend

8    this Complaint when the amounts are more fully known.

### 2018 Grand Jury Report

10   45.On June 7, 2018, a Riverside County Grand Jury report titled "Riverside

11   County Sheriff's Department Corrections Division - Correctional Centers Inmate

12   Services Issues," notified Defendants COUNTY and RCSD of their responsibility

13   of "providing a safe and secure environment for humane care of detained or

14   incarcerated citizens."

15   46. The Riverside County Grand Jury report notified Defendants COUNTY

16   and RCSD that the "[t]he grievance procedure is a method designed to allow an

17   inmate/detainee to document a complaint regarding a variety of issues within the

18   detention facility or department" and is "an important tool to rectify and mitigate

19   problems brought to the attention of detention staff."

20   47. The Riverside County Grand Jury report recommended Defendants

21   COUNTY and RCSD to adopt the following: (a) All grievance responses should

22   be written in a professional manner and be reviewed by a supervisor ensuring that

23   the responses are professional. If the lieutenant finds a complaint is sustained, then

24   it should be forwarded to the captain level for the appropriate disposition; (b)

25   Policies and procedures should be modified to reflect this process; (c) All staff

26   should receive appropriate annual training on properly and professionally

27   responding to a grievance; (d) Grievance responses should include the

28   policy/procedure number(s) as the reference correlating to the response for either

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1    granting or denying the grievance.

2       48. The Riverside County Grand Jury report also notified Defendants

3    COUNTY and RCSD that the "California Government Code §26202.6(a)(c) with

4    respect to video recordings requires that they be available for review for one year

5    after the date of the original recording." The Riverside County Grand Jury did not

6    receive requested videos due to the fact that "they had been reported lost due to a

7    failure of the recording device."

8       49. The Riverside County Grand Jury report recommended Defendants

9    COUNTY and RCSD the following: (1) provide preservation of audio/video

10   recordings for a minimum of one year in accordance with the California

11   Government Code §26202.6 (a) (c), and (2) provide a reliable video record,

12   backup recorders should be available to replace units found to be malfunctioning.

13   Checks of full functionality should be completed at least once per shift in areas

14   such as exercise yards and Administrative Segregation and dayrooms. Sufficient

15   tapes or digital media should be made available to meet the one year retention

16   period required in Government Code §26202.6 (a) (c).

17

18                        **FIRST CAUSE OF ACTION**

19                   **EXCESSIVE FORCE – 42 U.S.C. § 1983**

20          **(Against Defendants IBARRA, HINSON, BILTON, LEVESQUE,**

21      **MIRANDA, PEARSON, RODRIGUEZ, and DOES 1-30, inclusive, only)**

22      50. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and

23   incorporates the same herein by this reference as if those paragraphs were set forth

24   in full herein.

25      51. Amongst other things and actions, Defendants IBARRA, HINSON,

26   BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ and Does 1

27   through 30, and each of them, used and/or supported and ratified the use of

28   excessive force when they surrounded Plaintiff while he was unarmed, and

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

proceeded to batter Plaintiff's person repeatedly by punching and kicking him even though Plaintiff never threatened physical violence upon any of the named Defendants nor was he able to carry out any type of physical violence upon named Defendants while he was laying on the ground. The named Defendants and each of them, acted under color of law at all times relevant to this Complaint.

52. On information and belief, a reasonable law enforcement officer would not have used excessive force against Plaintiff under the same circumstances because: (a) Plaintiff was cooperating and was not resisting; (b) Plaintiff was unarmed; (c) Plaintiff was not a threat to anyone and as such Defendants and each of them, could not have reasonably believed that they were in imminent danger of being killed, injured or touched unlawfully; and (d) even if there was any imminent danger, Defendants and each of them, used more force than was necessary when several Defendants took turns to beat an unarmed and handcuffed Plaintiff.

53. As a result, the officers' use of excessive force was objectively unreasonable under the circumstances. The excessive force used was also performed with a deliberate indifference to the safety and welfare of Plaintiff. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30's actions thus deprived Plaintiff of his right to be free from the use of excessive force by law enforcement as guaranteed to him under the Fourth and Fourteenth Amendments of the United States Constitution.

54. Additionally, as described in paragraphs 36-37 above, each of the Defendants, while acting within the scope of their employment, observed and knew, or should have known, that the Plaintiff was in serious need of immediate medical care following the May 26, 2018 incident; and they nevertheless were deliberately indifferent to that need and failed to take reasonable action to summon such medical care despite having a duty to do so in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United

States Constitution.

55. As a direct and proximate result of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1-30's deprivations and violations of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights, Plaintiff suffered and continues to suffer general and special damages according to proof at the time of trial.

56. As a further direct and proximate result of the foregoing, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) bruising and swelling on his face and head; (2) difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over much of his body.

57. As a further direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

58. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30's violations of Plaintiff's rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution entitles Plaintiff to reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988(b).

59. In committing the acts described above, Plaintiff is informed and believes, and thereon allege that Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, only, and each of them, acted with oppression, fraud, and/or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendant IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, and RODRIGUEZ in an amount

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

according to proof at time of trial.

## SECOND CAUSE OF ACTION

### EXCESSIVE FORCE, 42 U.S.C. § 1983, *MONELL*

### (Plaintiffs v. COUNTY, RCSD, and DOES 1-30)

60. Plaintiffs re-allege and incorporates by reference each and every allegation contained in this Complaint as though set forth herein in full.

61. Defendants COUNTY, RCSD, and DOES 1 through 30 maintained an unconstitutional custom, policy or practice, within the meaning of *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978) (*"Monell"*), for detaining and/or arresting individuals with the use of excessive and/or deadly force that deprived and continues to deprive persons of life, liberty and property. On or around June 1, 2018, a representative of Defendants, a Lieutenant "Elia," effectively admitted the existence of an actual policy, as just described, to the Plaintiff's mother, Vivian Allen.

62. Additionally or alternatively, Defendants COUNTY and RCSD maintained a longstanding custom wherein they would permit and/or turn a blind eye to deputies' or other officers' conducting extrajudicial, violative, unofficial, and/or unconstitutional reprisals against inmates perceived as undesirable or troublesome. These reprisals often included the following elements: (1) the use of excessive and unreasonable force; (2) the improper, unnecessary, and harmful use of control maneuvers and devices; and/or (3) the unreasonable deprivation of and/or deliberate indifference toward the serious and immediate medical needs of prisoners. This custom has introduced an air of impunity among certain of the personnel of the Riverside County corrections system that has led to additional incidents of unconstitutional treatment of prisoners.

63. Additionally, Defendants either knew or had constructive knowledge of an obvious need to train its law enforcement personnel in the use of proper force

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

when detaining an unarmed and/or handcuffed detainee within their custody; and in facilitating the provision of treatment for the serious medical needs of their prisoners. Despite having this knowledge, Defendants condoned, tolerated, and through actions and inactions thereby ratified, the problematic policies described above.

64. The unconstitutional policies, customs, practices and refusals of Defendants COUNTY and RCSD to train its employees, including INDIVIDUAL DEPUTIES, described above, were a direct cause of Plaintiff's injuries in this case, without which the injuries would not have occurred.

65. Additionally, Defendants COUNTY and RCSD ratified the unconstitutional conduct of the Defendant Deputies. On information and belief, the Riverside County Sheriff's Department has a policy requiring each officer participating in an incident involving the use of force against a prisoner to submit a "Use of Force Report" describing the force used and the basis of that use of force. The individual deputies and other officers involved in the 2017 use of force against former prisoner Garcia submitted Use of Force Reports that, although downplaying somewhat the nature of the force used, contained sufficient information to alert Department management of the excessive nature of the force used. Similarly, the Defendant Deputies involved in the May 26, 2018 use of force against the Plaintiff also should have submitted Use of Force Reports that would give some indication of the nature of the force used against the Plaintiff. These Use of Force Reports are reviewed for further, and possibly disciplinary action, by RCSD management to whom final policymaking authority has been delegated as well as by Final Policymaker, the Sheriff of Riverside County, in exceptional cases such as those just described. In neither instance were the involved deputies fired or disciplined for their conduct.

66. Additionally, the Plaintiff submitted at least two official written inmate grievances regarding the May 26, 2018 beating and a prior incident in which

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

Defendant IBARRA assaulted Plaintiff to deter the Plaintiff from submitting inmate grievances. These inmate grievance forms are reviewed for further action by RCSD management to whom final policymaking authority has been delegated as well as by Final Policymaker, the Sheriff of Riverside County, in exceptional cases such as those just described. No corrective action was taken by Defendants RCSD and COUNTY with regard to any of Plaintiff's grievances.

67. By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants COUNTY and RCSD acted with an intentional, reckless, and callous disregard for the life and constitutional and human rights of Plaintiff.

68. The conduct alleged herein violated Plaintiff's right alleged above which has legally, proximately, foreseeably and actually caused Plaintiffs to suffer general and special damages according to proof at the time of trial.

69. As a direct and proximate result of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30's deprivations and violations of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights, Plaintiff suffered and continues to suffer general and special damages according to proof at the time of trial.

70. As a further direct and proximate result of the foregoing, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) bruising and swelling on his face and head; (2) difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over much of his body.

71. As a further direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

72. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30's violations of PLAINTIFF's rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution entitles Plaintiff to reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988(b).

73. In committing the acts described above, Plaintiff is informed and believes, and thereon alleges that Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, only, and each of them, acted with oppression, fraud, and/or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendant IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, and RODRIGUEZ in an amount according to proof at time of trial.

## THIRD CAUSE OF ACTION
### FAILURE TO PROPERLY TRAIN, SUPERVISE AND DISCIPLINE, 42 U.S.C. § 1983, *MONELL*
### (Plaintiffs v. COUNTY, RCSD, and DOES 1-30)

74. Plaintiffs re-allege and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

75. The COUNTY, RCSD, and DOES 1 through 30 as a matter of custom, practice, and policy, failed to maintain adequate and proper training for officers and law enforcement personnel in the RCSD necessary to educate the officers as to the Constitutional rights of detainees, to prevent the consistent and systematic use of excessive force; by detaining officers, deputies, and/or sheriffs; to prevent the excessive force and extra judicial punishment of potential detainees by its officers, deputies and/or sheriffs; and to prevent the deliberate indifference by its officers, deputies and/or sheriffs of prisoners' serious medical needs.

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

76. Defendants COUNTY, RCSD, and DOES 1 through 30 also failed to provide adequate supervision and discipline to officers, deputies, and/or sheriffs that hold the power, authority, insignia, equipment, weapons, and/or other type of means entrusted to them as described herein. COUNTY and RCSD also failed to promulgate and enforce adequate policies and procedures related to the use of proper force; related to when to cease and desist the use of excessive force in detaining an unarmed and/or handcuffed detainee; and related to not being deliberately indifferent to the serious medical needs of prisoners.

77. Defendants COUNTY and RCSD'S failures to supervise and discipline offending officers, deputies, and/or sheriffs that fostered and/or practiced the custom, practice, and/or policy to use excessive force towards unarmed and/or handcuffed detainees and to be deliberately indifferent to the serious medical needs of detainees within RCSD resulted in the brutal and violent attack to Plaintiff's person and other harm to the Plaintiff.

78. Additionally, Defendants COUNTY and RCSD ratified the unconstitutional conduct of the Defendant Deputies. On information and belief, the Riverside County Sheriff's Department has a policy requiring each officer participating in an incident involving the use of force against a prisoner to submit a "Use of Force Report" describing the force used and the basis of that use of force. The individual deputies and other officers involved in the March 22-23, 2017 use of force against former prisoner Garcia submitted Use of Force Reports that, although downplaying somewhat the nature of the force used, contained sufficient information to alert Department management of the excessive nature of the force used. Similarly, the Defendant Deputies involved in the May 26, 2018 use of force against the Plaintiff also should have submitted Use of Force Reports that would give some indication of the nature of the force used against the Plaintiff. These Use of Force Reports are reviewed for further, and possibly disciplinary action, by RCSD management to whom final policymaking authority

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

has been delegated as well as by Final Policymaker, the Sheriff of Riverside County, in exceptional cases such as those just described. In neither instance were the involved deputies fired or disciplined for their conduct.

79. Additionally, the Plaintiff submitted at least two official written inmate grievances regarding the May 26, 2018 beating and a prior incident in which Defendant IBARRA assaulted Plaintiff to deter the Plaintiff from submitting inmate grievances. These inmate grievance forms are reviewed for further action by RCSD management to whom final policymaking authority has been delegated as well as by Final Policymaker, the Sheriff of Riverside County, in exceptional cases such as those just described. No corrective action was taken by Defendants RCSD and COUNTY with regard to any of Plaintiff's grievances.

80. By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants COUNTY and RCSD acted with an intentional, reckless, and callous disregard for the life and constitutional and human rights of Plaintiff.

81. Said custom, practice, and policy included a failure to adequately investigate, supervise and discipline offending officers that fostered the custom, practice, and policy within the RCSD which resulted in the brutal and violent attack to Plaintiff's person.

82. Therefore, these Defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

83. The failure to promulgate or maintain constitutionally adequate policies regarding training and impartiality was done with deliberate indifference to the rights of Plaintiff and others in his position.

84. The constitutionally infirm lack of adequate training, supervision, and discipline as to the officers and law enforcement personnel in this case caused Plaintiff to suffer general and special damages according to proof at the time of trial.

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

85. As a direct and proximate result of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30's deprivations and violations of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights, Plaintiff suffered and continues to suffer general and special damages according to proof at the time of trial.

86. As a further direct and proximate result of the foregoing, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) bruising and swelling on his face and head; (2) difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over much of his body.

87. As a further direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

88. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30's violations of PLAINTIFF's rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution entitles Plaintiff to reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988(b).

89. In committing the acts described above, Plaintiff is informed and believes, and thereon allege that Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1-30, only, and each of them, acted with oppression, fraud, and/or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendant IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, and RODRIGUEZ in an amount according to proof at time of trial.

MᶜMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

# FOURTH CAUSE OF ACTION

## NEGLIGENCE

### (Against All Defendants)

90. Plaintiffs re-allege and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

91. On or about May 26, 2018, at the time and place described above, each of the Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 were sheriff deputies acting within the course and scope of their employment who negligently, carelessly, and without reasonable care used excessive force and battered Plaintiff. Alternatively, at the time and place described above, each of the Defendants came upon Plaintiff and negligently, carelessly and/or recklessly concluded that he presented a risk of death or serious injury or harm to one of them, thereby necessitating the use of severe and deadly force against him.

92. Additionally, as described in paragraphs 36-37 above, each of the Defendants, while acting within the scope of their employment, observed and knew, or should have known, that the Plaintiff was in serious need of immediate medical care following the May 26, 2018 incident and they nevertheless failed to take reasonable action to summon such medical care within the meaning of Cal. Government Code § 845.6 despite having a duty to do so.

93. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, and each of them, had the duty to exercise ordinary care towards the Plaintiff and should have known that subjecting the Plaintiff to conduct described herein would lead to bodily injury or death and foreseeably cause the Plaintiff to suffer harm.

94. Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, breached their legal duty by

failing to act reasonably in light of the circumstances.

95. As a legal result of the Defendants' negligent conduct as described here, Plaintiff suffered and continues to suffer general and special damages according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

96. As a further direct and proximate result of the foregoing, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) bruising and swelling on his face and head; (2) difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over much of his body.

97. As a further direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

98. On information and belief, the wrongful acts and conduct of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

99. The COUNTY and RCSD are vicariously liable for the wrongful acts of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## FIFTH CAUSE OF ACTION

### BATTERY

### (Against All Defendants)

100.     Plaintiffs re-allege and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

101.     Plaintiff is informed and believes that Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, with the knowledge, permission and consent of Defendants COUNTY and RCSD, decided to batter Plaintiff and use excessive force against him, including kicking and beating the Plaintiff repeatedly while he was laying on the ground and choking the Plaintiff while he was handcuffed, though Plaintiff had not posed any reasonable threat of death or serious bodily injury to anyone.

102.     Plaintiff did not consent to being battered or the use of that excessive force being employed upon his person.

103.     Each of the Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 battered Plaintiff, including kicking and beating the Plaintiff repeatedly while he was laying on the ground and choking the Plaintiff while he was handcuffed, with the intent to harm and/or offend him. Plaintiff was in fact harmed by the attack, resulting in his sustaining severe pain and injury to his mind and body.

104.     Additionally, each of the Defendants battered Plaintiff, as described in paragraphs 36-37 above, when they, while acting within the scope of their employment, observed and knew, or should have known, that the Plaintiff was in serious need of immediate medical care following the May 26, 2018 incident and they nevertheless threw the Plaintiff, against his will, into a cell where he would not receive such medical care, and they failed to take reasonable action to summon such medical care within the meaning of Cal. Government Code § 845.6.

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

105.    As a direct and proximate result of the battery and excessive force described above, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) bruising and swelling on his face and head; (2) difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over much of his body.

106.    As a further direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

107.    As a direct and proximate result of the negligent and careless acts described above, Plaintiff has been generally and specially damaged in a sum to be established according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

108.    On information and belief, the wrongful acts and conduct of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

109.    The COUNTY and RCSD are vicariously liable for the wrongful acts of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

## SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

110.     Plaintiffs re-allege and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

111.     While being detained by Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, and while in the custody of the Defendants COUNTY and RCSD, Plaintiff was harassed, beaten and subjected to excessive force, including kicking and beating the Plaintiff repeatedly while he was laying on the ground and choking the Plaintiff while he was handcuffed.

112.     Additionally, as described in paragraphs 36-37 above, each of the Defendants, while acting within the scope of their employment, observed and knew, or should have known, that the Plaintiff was in serious need of immediate medical care following the May 26, 2018 incident and they nevertheless threw the Plaintiff, against his will, into a cell where he would not receive such medical care, and they failed to take reasonable action to summon such medical care within the meaning of Cal. Government Code § 845.6.

113.     By their herein described unprivileged and unlawful conduct, Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, clearly engaged in extreme, outrageous, malicious, and unprivileged conduct, that was intended to cause, and did cause, or recklessly disregarded the probability of causing, Plaintiff to suffer severe emotional and mental distress.

114.     As a direct, legal and/or proximate result of the herein described unlawful and unprivileged conduct, Plaintiff suffered severe emotional and mental distress including, but not limited to, shock to his nervous system, mental anguish,

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

fright, horror, nervousness, grief, anxiety, worry, humiliation, and shame.

115.    On information and belief, the wrongful acts and conduct of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

116.    The COUNTY and RCSD are vicariously liable for the wrongful acts of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF BANE ACT, CAL. CIVIL CODE § 52.1
### (Against All Defendants)

117.    Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

118.    On or about May 26, 2018, at the time and place described above, each of the Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 interfered with Plaintiff's exercise and enjoyment of rights guaranteed him by Civil Code § 52.1 and California Constitution, Article I, § § 7 and 31 and by the First, Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution, including but not limited to the following rights:

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

a. The right to free and reasonable expression; the right to petition the government for redress of grievances; and the right to defend one's self in a criminal prosecution;

b. The right to equal protection under the laws of the state California and under the U.S. Constitution, including the right not to be discriminated against on account of one's race;

c. The right not to be subjected to unreasonable and excessive force; and

d. The right not to be subjected to cruel and unusual punishment and or to deliberate indifference toward one's serious medical needs while in the custody of the state.

119.    Specifically, each of these Defendants interfered with the Plaintiff's exercise of the rights just listed:

120.    When they on May 26, 2018 physically brutalized the Plaintiff and denied him medical treatment, as described elsewhere herein, in retaliation for and in order to prevent him from continuing to press for reasonable treatment for his fellow prisoners as an inmate "trustee;" submit inmate grievances on his behalf and for other prisoners; defend himself in the criminal prosecution, including by pressing his innocence, obtaining the disclosure of law enforcement personnel records, and exposing the perjury and other misconduct of deputies and other of Defendants' personnel; and protest against his being beaten unreasonably and excessively by deputies and plead to be given immediate access to medical care.

121.    Additionally or alternatively, Defendants discriminated against and interfered with Plaintiff's right to be free from any threats and/or acts of violence or intimidation on account of his race and, Plaintiff was additionally discriminated against, denied equal protection and equal rights under the law, in that he was battered and subjected to excessive force on account of his race as an African American.

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

122.     As a direct and proximate result of the acts described above, Plaintiff has been generally and specially damaged in a sum to be established according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

123.     As a direct and proximate result of the conduct described above, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) bruising and swelling on his face and head; (2) difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over much of his body.

124.     As a further direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

125.     In doing the acts alleged in this complaint, each of the Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30, knew or through the exercise of reasonable diligence should have known, that their actions were highly likely to severely and/or fatally injure Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that each of those defendants intended to cause Plaintiff injury and acted with a malicious, willful and conscious disregard for his rights as secured by Civil Code § 51.7. Plaintiff did nothing to justify the use of excessive force against him or the denial of his serious and immediate medical needs. He was unarmed and had not posed any reasonable threat of death or serious bodily harm to any person at or about the scene. He did not attempt to resist. The unjustified use of excessive force against him was inflicted, in whole or in part, on account of his race and with the intent to maliciously and oppressively deny him of his civil rights, and/or to deprive him of his life, and/or to inflict severe bodily

injury on him. Accordingly, the conduct of IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 in battering, using excessive force upon, and denying the medical needs of the Plaintiff, warrants the imposition of punitive damages against each of the individual Defendants pursuant to Civil Code § 52(b)(1) and Civil Code § 3294.

126.    As a further legal result of this civil rights violation, the Plaintiffs seek the award of reasonable attorney fees as provided for in Civil Code § § 52.1(b) and 52.1(h), in an amount to be determined according to proof at trial.

127.    As a further legal result of this civil rights violation, the Plaintiffs seek in addition to the other damages stated here, the statutory civil penalty of $25,000 per wrongdoer, except as to Defendants COUNTY, RCSD and DOES 1 through 30, pursuant to Civil Code § 52(b)(2).

128.    Defendants COUNTY and RCSD are vicariously liable for the wrongful acts of Defendants IBARRA, HINSON, BILTON, LEVESQUE, MIRANDA, PEARSON, RODRIGUEZ, and DOES 1 through 30 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability, and pursuant to Cal. Government Code § 845.6 given that each of the Defendants, while acting within the scope of their employment, observed and knew, or should have known, that the Plaintiff was in serious need of immediate medical care following the May 26, 2018 incident and they nevertheless failed to take reasonable action to summon such medical care.

/// ///

/// ///

/// ///

/// ///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and Does 1 through 30, inclusive, as follows:

1. For general damages in an amount to be determined according to proof at trial;

2. For special damages in a sum according to proof at the time of trial;

3. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

4. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to Civil Code § 52(a), (b)(3) and 42 U.S.C. § 1988 (b);

5. For punitive damages against each of the defendants except Defendants COUNTY and RCSD pursuant to Civil Code § 52(b)(1), § 3294 and 42 U.S.C. § 1983;

6. For a statutory civil penalty of $25,000 pursuant to Civil Code § 52(b)(2) against each of the Defendants, except Defendants COUNTY and RCSD;

7. For such other and further relief as the Court deems just and proper.


DATED: June 5, 2019      **MCMURRAY HENRIKS, LLP**


By:     _/s/  [Yana G. Henriks]_____
        Yana G. Henriks, Esq.
        Attorneys for Plaintiff *JARRELL RAYVON ALLEN*

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

# ***DEMAND FOR JURY TRIAL***

Plaintiff JARRELL RAYVON ALLEN hereby demands a jury trial.

DATED: June 5, 2019      **MCMURRAY HENRIKS, LLP**

By:    __/s/ *[Yana G. Henriks]*_____
Yana G. Henriks, Esq.
Attorneys for Plaintiffs *JARRELL RAYVON ALLEN*

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL