Randy H. McMurray, Esq. (SBN 126888)
*Rmcmurray@law-mh.com*
Yana G. Henriks, Esq. (SBN 250638)
*Yhenriks@law-mh.com*
Lauren I. Freidenberg, Esq. (SBN 312428)
*Lfreidenberg@law-mh.com*
**McMURRAY HENRIKS, LLP**
5670 Wilshire Blvd., Suite 1450
Los Angeles, California 90036
Telephone: (323) 931-6200
Facsimile: (323) 931-9521
Attorneys for Plaintiff, **JARRELL RAYVON ALLEN**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JARRELL RAYVON ALLEN, an individual,

Plaintiffs,

v.

COUNTY OF RIVERSIDE, a California municipal entity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, a California municipal entity; CORPORAL LUIS IBARRA, an individual; DEPUTY NIGEL HINSON, an individual; DEPUTY MATT BILTON, an individual; DEPUTY ANTHONY LEVESQUE, an individual; DEPUTY SHERIFF LORENA MIRANDA, an individual; DEPUTY ANDREW PEARSON, an individual; DEPUTY JOSEPH RODRIGUEZ, an individual; and DOES 1-30, inclusive,

Defendants.

**Case No.: 5:19-cv-00153-RGK-SHK**
*[ASSIGNED TO HON. R. GARY KLAUSNER]*

**PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

**[FILED CONCURRENTLY WITH PLAINTIFF'S SEPARATE STATEMENT; OBJECTIONS TO EVIDENCE; DECLARATION OF JARRELL ALLEN; DECLARATION OF LAUREN I. FREIDENBERG (REQUEST FOR CONTINUANCE OF DISCOVERY); AND EXHIBITS IN SUPPORT OF THE OPPOSITION]**

**[FILED CONCURRENTLY WITH DECLARATION OF YANA G. HENRIKS, DECLARATION OF LAUREN I. FREIDENBERG IN SUPPORT OF MOTION FOR RELIEF, DOCKET NO. 52]**

**DATE:   JANUARY 13, 2020
TIME:   9:00 A.M.
CTRM:  850**

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

# TABLE OF CONTENTS

I.    REQUEST FOR RELIEF FROM ONE-DAY LATE FILING OF
      OPPOSITION MOTION.................................................................. 1

II.   INTRODUCTION ........................................................................ 1

III.  FACTUAL BACKGROUND ......................................................... 3

      A.  Plaintiff was a "Trustee" Due to His Good Behavior and
          Compliance......................................................................... 3

      B.  Previous Incident with Defendant Ibarra ................................ 3

      C.  Excessive Force: Plaintiff is Attacked Without Justification ..... 4

      D.  Excessive Force: Plaintiff is Attacked While Restrained and
          Compliant ........................................................................... 6

      E.  Failure to Provide Adequate Medical Care.............................. 7

      F.  Plaintiff's Injuries.............................................................. 7

      G.  Plaintiff Filed Three Grievances Regarding this Incident ......... 8

IV.   LEGAL AUTHORITY ................................................................. 9

V.    ARGUMENT ............................................................................ 10

      A.  Defendant Has Failed Establish that No Triable Material Fact
          Exists ................................................................................ 10

      B.  This Court Must Disregard Self-Serving Declarations that
          Contradict the Video Surveillance Footage ............................ 10

      C.  Plaintiff Exhausted His Administrative Remedies ................... 11

      D.  Defendant Deputies Employed Excessive Force ..................... 12

      E.  Defendants were Deliberately Indifferent to Plaintiff's Medical
          Needs ................................................................................ 14

          1. Plaintiff Had a Serious Medical Need................................. 14

          2.  Defendants Were Deliberately Indifferent........................... 15

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

**PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S
MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

VI.    MONELL CAUSES OF ACTION ................................................................ 16

        Defendants Are Not Entitled to Qualified Immunity ................................ 18

VII.    PLAINTIFF'S STATE CLAIMS HAVE MERIT ........................................... 19

VIII.    EVIDENCE SUPPORTS PUNITIVE DAMAGES ........................................ 20

IX.    REQUEST FOR CONTINUANCE .................................................................. 20

X.    CONCLUSION ............................................................................................... 20

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S
MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Creighton*, 483 U.S. 635 (1987)------------------------------------ 9, 10, 18

*Berry v. Baca,* 379 F.3d 764 (9th Cir. 2004) ---------------------------------------- 17

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ------------------------------------------9

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) --------------------------------- 17

*Clouthier v. County of Contra Costa,* 591 F.3d 1232 (9th Cir. 2010)---------------- 17

*Cornwell v. Electra Central Credit Union*, 439 F3d 1018 (9th Cir. 2006) ---------- 10

*Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005)------------------------------------------- 20

*Desert Palace, Inc. v. Costa*,  539 US 90 (2003)-------------------------------------- 10

*Dorger v. City of Napa,* No. 12-cv-440 YGR, 2012 U.S. Dist. LEXIS 124551 (N.D. Cal. Aug. 31, 2012) ------------------------------------------------------------------- 17

*Doty v. County of Lassen*, 37 F.3d 540 (9th Cir. 1994) ------------------------------- 14

*Espinosa v. City and County of San Francisco,* 598 F.3d 528 (9th Cir. 2010)-------- 9

*Estelle v. Gamble*, 429 U.S. 97 (1976) ---------------------------------------- 14, 19

*Farmer v. Brennan*, 511 U.S. 825 (1994) -------------------------------------15, 16, 19

*First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253 (1968)------------------ 9

*Freitas v. Emhart Corp*, 715 F. Supp. 1149 (U.S. Dist. Ct. D. Mass. 1989) ----- 2, 11

*Gibson v. County of Washoe*, 290 F.3d 1175 (9th Cir. 2002) ------------------------- 14

*Griffin v. Arpaio,* 557 F.3d 1117 (9th Cir. 2009) ------------------------------------- 12

*Harris v. Itzhaki,* 183 F.3d 1043 (9th Cir. 1999)-------------------------------------- 10

*Hope v. Pelzer*, 536 U.S. 730 (2002).------------------------------------------------- 19

*Hudson v. McMillian,* 503 U.S. 1 (1992) ----------------------------------- 13, 14, 15, 16

*Hutchinson v. United States*, 838 F.2d 390 (9th Cir. 1988)--------------------------- 15

*Ingraham v. Wright,* 430 U.S. 651 (1977) ---------------------------------------------- 13

*Jensen v. Knowles*, 621 F. Supp. 2d 921 (E.D. Cal. 2008)-------------------------- 11

*Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006) ---------------------------------------- 14

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

**PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

*Jones v. Bock*, 549 U.S. 199 (2007)------------------------------------------------ 11

*Long v. County of Los Angeles,* 442 F.3d 1178 (9th Cir. 2006)------------------- 17

*Mary H. Garcia v. Sergeant Ayala, et al*., Case. No. 18-CV-00839-SJO-ASx ----- 18

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 587 (1986)------------- 9

*McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1992)* ----------------------------14, 15, 19

*Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F. 3d 1099 (9th Cir. 2000) --- 9

*Parrish v. Solis,* 11–CV–01438–LHK, 2014 WL 5866935 (N.D. Cal. Nov. 11, 2014) ----------------------------------------------------------------------------------- 11

*Pearson v. Callahan*, 129 S. Ct. 808 (2009)----------------------------------------- 6, 18

*Phelps v. Provident Life & Accident Ins. Co.,* 60 F.Supp.2d 1014 (C.D.Cal.1999)  10

*Quinton Gray v. County of Riverside*, Case No. 13-cv-0444-VAP-OP -------------- 18

*Redman v. County of San Diego*, 942 F.2d 1435 (9th Cir.1991) ---------------------- 16

*Rodriguez v. County of Los Angeles*, 891 F.3d 776 (9th Cir. 2018) ------------6, 7, 12

*Saucier v. Katz*, 533 U.S. 194, 201 (2001)----------------------------------------------- 18

*Scott v. Harris,* 550 U.S. 372 (2007) ------------------------------------------------------ 9

*Scott v. Henrich* 39 F.3d 912 (9th Cir. 1994)------------------------------------------------ 9

*Snow v. McDaniel*, 681 F.3d 978 (9th Cir. 2012)---------------------------------------- 15

*Springfield v. Singh,* 12–CV–2552 KJM AC, 2015 WL 1348141, (E.D. Cal. Mar. 24, 2015) -------------------------------------------------------------------------------- 11

*Trop v. Dulles,* 356 U.S. 86 (1958) --------------------------------------------------------- 19

*Whitley v. Albers*, 475 U.S. 312 (1986) ------------------------------------------- 12, 19

*Wilkins v. Gaddy*, 559 U.S. 34 (2010) ----------------------------------------------------- 13

*Wood v. Housewright*, 900 F.2d 1332 (9th Cir. 1990)---------------------------------- 14

STATUTES

Fed. R. Civ. P. 56------------------------------------------------------------------6, 9, 10

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

**PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   REQUEST FOR RELIEF FROM ONE-DAY LATE FILING OF OPPOSITION MOTION

As an initial matter, Plaintiff Jarrell Rayvon Allen incorporates as if fully set forth herein his Motion for Relief from the One-Day Late Filing of Plaintiff's Opposition to County of Riverside, *et al*.'s Motion for Summary Judgment, or in the Alternative, Summary Adjudication ("Opposition Motion").   [Docket No. 52]. Plaintiff hereby respectfully requests that the Court excuse and grant relief from the possible adverse sanctions for the one-day late filing of Plaintiff's Opposition Motion due to counsel's excusable neglect pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, equitable principles, and the Court's inherent authority. Plaintiff respectfully requests that the Court consider, as if timely filed, Plaintiff's Opposition filed on December 24, 2019.

In short, there is good cause to grant the requested relief because Plaintiff's one-day late filing of his Opposition was caused by a calendaring error committed by Plaintiff's counsel's former paralegal. That error was caused by confusion stemming from the double filing of Defendants' memorandum of points and authorities in support of its instant motion. [Docket Nos. 47, 49].  It was discovered that due to an inadvertent error and excusable neglect, Plaintiff's counsel's office had calendared the opposition due date as December 24, 2019, rather than the correct date of December 23, 2019. (Henriks Decl. ¶¶ 5-10, Dkt. 52-1; Freidenberg Decl. ¶¶ 5-10, Dkt. 52-2.) Plaintiff's counsel sincerely apologies for this matter and requests that the Plaintiff himself not be prejudiced.

## II.   INTRODUCTION

Summary judgment must be denied as to all causes of action against the County of Riverside and individually named deputies (hereinafter "County defendants").  The beating of Plaintiff, Mr. Allen, by correctional facility deputies was captured on

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

- 1 -

surveillance videotape,[1] which shows that he was attacked *without provocation*. The video surveillance footage speaks for itself. Pursuant to Federal Rule of Evidence 1002, **the best evidence of the events preceding the incident is the video itself,** ***not*** **defendant's interpretation of that evidence**. *See Freitas v. Emhart Corp*, 715 F. Supp. 1149, 1151 (U.S. Dist. Ct. D. Mass. 1989) (emphasis added). County defendants improperly filed self-serving declarations that contradict their own Use of Force Reports. Additionally, County defendants "cherry picked" still shots from the video surveillance footage that do *not* accurately depict the unprovoked excessive force employed by defendants and must therefore be stricken. (*See* Plaintiff's Objections to Evidence concurrently filed hereto).

Mr. Allen was attacked and beaten by Larry D. Smith Correctional Facility deputies without justification. The video surveillance footage depicted Mr. Allen walking in the hallway with defendant Ibarra and defendant Hinson. Mr. Allen was walking with his hands behind his back. Mr. Allen complied with the deputies' commands. Without provocation, Mr. Allen is slammed into the wall by the deputies and severely beaten:

- Deputy Hinson admitted that he punched Mr. Allen **seven (7) times in the face**.
- While Mr. Allen was restrained and on the ground, Deputy Hinson admitted to punching Mr. Allen **five (5) times in the face**.
- While Mr. Allen was restrained and on the ground, Deputy Levesque punched Mr. Allen in the **hip five (5) times**.
- While Mr. Allen was restrained and on the ground, Deputy Levesque grabbed Mr. Allen's leg and punched Mr. Allen **five (5) times in this calf**.
- After Mr. Allen one handcuff was placed, Deputy Levesque punched Mr. Allen **seven (7) to ten (10) more times in the abdomen**.

---

[1] A true and correct copy of the video surveillance footage was lodged with the Court as County defendants' Exhibit "E" in support of its Motion for Summary Judgment or in the Alternative Summary Adjudication.

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S
MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

- Deputy Levesque continued to punch Mr. Allen **five (5) to ten (10) more times in the abdomen** after one handcuff had been placed.

Plaintiff suffered multiple, severe physical injuries inflicted upon him by County personnel, as described below, several of which continue to this day.

Ultimately, Mr. Allen did nothing to provoke the attack. Sworn staff failed to summon appropriate medical attention for Mr. Allen after the incident and left Mr. Allen was left in a safety cell without proper medical monitoring or medical treatment for several hours, exacerbating his injuries.

## III. FACTUAL BACKGROUND

### A. Plaintiff was a "Trustee" Due to His Good Behavior and Compliance.

On May 26, 2018, Plaintiff maintained his privilege and status as a trustee at the Larry D. Smith Correctional Facility. (RUF 1, 3).[2] A trustee is able to stay outside of the cell for longer periods of time. (*See id.*). At this time, Plaintiff had the trustee privilege due to good behavior, following the facility's rules, and for complying with the commands of the deputies. (RUF 3 ). On May 26, 2018, Plaintiff was not required to go back to his cell when defendant deputies ordered other inmates to return to their cells after they had finished eating their meal because he was a trustee. (*See id.*).

### B. Previous Incident with Defendant Ibarra

On May 26, 2018, Defendant Ibarra told Plaintiff that he could not remain in the Day Room and he had to return to his cell. (RUF 6, 7). Plaintiff reminded defendant Ibarra that he was a trustee, and that he would be cleaning the Day Room before returning to his cell. (*See id.*). Defendant Ibarra said Plaintiff was no longer allowed to be a trustee because of the incident that occurred a couple of weeks ago. (*See id.*).

Defendant Ibarra was referring to an incident that occurred a couple weeks prior to May 26, 2018, when the deputies refused to give Plaintiff and other inmates their food trays. (RUF 5). The inmates in the Day Room followed proper protocol to resolve the issue and requested a Sergeant. (*See id.*). All of the inmates returned to

---

[2] "RUF" refers to Plaintiff's Response to Defendant's Separate Statement of Uncontroverted Facts.

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

their cells. (*See id*.). Three trustees were allowed to remain outside of the cells and spoke with the Sergeant. (*See id*.). Plaintiff was not one of the three trustees that spoke to the Sergeant.  (*See id*.). The Sergeant ultimately let everyone out of their cells and ordered that Plaintiff and the other inmates be provided with their food trays. (*See id*.). Plaintiff did not incite this incident. (*See id*.). Plaintiff did not lead this incident. (*See id*.). Plaintiff was not the main instigator of this incident. (*See id*.). Plaintiff did not encourage the entire housing unit to refuse to return to their cell. (*See id*.).

Weeks later on May 26, 2018, Defendant Ibarra said Plaintiff was no longer allowed to be a trustee because of the incident that occurred a couple of weeks ago. (RUF 6, 7).  Plaintiff asked him, "Why, man?"  (RUF 7).  Defendant Ibarra began cussing at Plaintiff and was saying things along the lines of, "Any motherfucker that crosses me has to lock up and can't stay out on my watch anymore."  (*See id*.). Ultimately, Plaintiff complied with defendant Ibarra's commands. (*See id*.).  Plaintiff went back to retrieve his coffee cup and to clean up his belongings that he had left out because he anticipated being able to stay out and clean and complete his trustee privileges. (*See id*.). Defendant Ibarra ordered that Plaintiff walk into the Sally Port walkway, rather than be in the Day Room.  (RUF 8).  Plaintiff was fearful that defendant Ibarra would physically hurt him because the Sally Port walkway is not in the main view of the inmates compared to the Day Room.  (*See id*.). Nonetheless, Plaintiff complied with defendant Ibarra's commands and stepped into the Sally Port hallway. (*See id*.).

### C. Excessive Force: Plaintiff is Attacked Without Justification

Upon exiting the Day Room, Defendant Ibarra and defendant Hinson ordered Plaintiff to put his hands behind his back and to walk to his cell.  (RUF 10, 13). Plaintiff complied with their commands and immediately placed his hands behind his back. (*See id*.).  Defendant Ibarra and defendant Hinson only asked Plaintiff once to place his hands behind his back because he immediately complied with their commands. (*See id*.). At no time did defendant Ibarra or defendant Hinson order

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

**PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

Plaintiff to step to the "red line" to be searched.  (RUF 14).[3]  Plaintiff took a split second pause before he continued to walk back to his cell.  (RUF 15, 16). Plaintiff never turned back towards defendant Hinson in an aggressive manner. (RUF 17). Plaintiff did not tense up his body as he was walking back to his cell. (*See id.*). At no time did defendant Ibarra or defendant Hinson order Plaintiff to stop resisting and face the wall. (RUF 18).

Plaintiff felt someone slam him against the wall while his hands were behind his back.  (RUF 20). Plaintiff's instinctual and subconscious reaction was to press his chest up against the wall to protect his face from being slammed into the concrete wall. (RUF 21). One of the deputies let go of one of Plaintiff's arms.  (RUF 22). Plaintiff did not pull his arm from defendants' hold.  (RUF 22).  Plaintiff kept his arm down at his side and he did not attempt to hit the deputies or fight back in any way. (RUF 23, 29).  He did not pull away from either defendant Ibarra or defendant Hinson. (*See id.*). Plaintiff never attempted to strike defendant Ibarra.  (RUF 24, 29).  Plaintiff never struck defendant Ibarra.  (*See id.*). Defendant Ibarra and defendant Hinson continued to jerk Plaintiff around and pushing and/or pulling him in different directions.  (RUF 24, 30).  Plaintiff lost balance in his facility-issued sandals because he was sliding around on the concrete floor while the defendants pushed and/or pulled him in opposite directions. (RUF 30, 31, 33).

Defendant Hinson came up behind Plaintiff and began to gouge his eyes.  (RUF 30, 31, 33, 36, 37). Plaintiff's instinctual and subconscious reaction was to bring his hands up to his eyes.  (*See id.*). Plaintiff never attempted to strike defendant Hinson. Plaintiff never struck defendant Hinson.  (RUF 39, 41).  Plaintiff never intended or attempted to assault defendant Hinson or any other individual. (*See id.*). Thereafter, defendant Hinson continued to punch Plaintiff in the face; Plaintiff instinctually and subconsciously drew his arm up like a shield to protect his face. (RUF 30, 31, 33, 36, 37, 44). Plaintiff never intentionally grabbed defendant Ibarra's head. (*See id.*).

---

[3] "The red line is a physical red line painted on the floor and an area designated for inmates to stand and where staff can talk to the inmates."  Def. UF 14.

**PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

Plaintiff never attempted to take defendant Ibarra to the floor. (RUF 38).

### D. Excessive Force: Plaintiff is Attacked While Restrained and Compliant

Defendants Levesque, Bilton, Miranda, Pearson, and Rodriguez arrive on the scene. (RUF 44, 52, 55, 59). Defendants Ibarra and Hinson continued to jerk Plaintiff around, pushing and/or pulling him in opposite directions, which continued when defendant deputies arrived at the scene. (RUF 32, 45, 52, 55, 59). Plaintiff was tackled to the ground. (RUF 25, 46, 54). Plaintiff landed on the ground face down. (RUF 26, 27, 46, 54). Plaintiff landed with his arms underneath his body. (RUF 26, 27, 34, 46, 54). Plaintiff did not intentionally tuck his arms underneath his body. (*See id.*). Plaintiff did not have a weapon, and no weapon was found on Plaintiff after the incident concluded. (*See id.*).

Defendant Hinson and defendant Levesque continued to punch Plaintiff in the face and the abdomen even though he was restrained. (RUF 28, 34, 47, 58). Plaintiff felt immense pressure while he was on the ground since approximately five (5) deputies were placing their entire body weight on top of him. (*See id.*). Plaintiff was unable to breathe. (*See id.*). Once Plaintiff had been tackled to the ground, he never attempted to stand up. (*See id.*). Plaintiff never attempted to push his body off the ground. (*See id.*). Plaintiff never attempted to get away. (RUF 35). Plaintiff never attempted to fight the deputies. (RUF 28, 34, 35, 42, 43, 47, 49, 50).

Plaintiff attempted to comply with all of the commands put forth by the deputies when he was on the ground. (*See id.*). However, he heard conflicting commands, such as, "Give me your hands!" "Don't move!" "Stop resisting!" (*See id.*). Plaintiff did not resist the attempts of the deputies to place his hands in handcuffs. (*See id.*). The deputies continued to punch him all over his body even though he was laying on the ground, restrained, and compliant. (*See id.*). Plaintiff did not attempt to kick a deputy while he was on the ground. (RUF 48). Plaintiff did not kick his feet. (*See id.*). Plaintiff felt deputy Levesque grab his leg and immediately punched him at least five times in the calf even though he had not been kicking his legs and/or feet. (*See id.*). Plaintiff did not curse or use profanities at the defendants. (RUF 56). Once

**PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

Plaintiff was placed in handcuffs, defendants continued to punch him while he was compliant on the ground.  (RUF 51, 61).

### E.  Failure to Provide Adequate Medical Care

Defendants took Plaintiff to the Intake Medical Office where Nurse Garcia did a cursory evaluation that lasted for approximately five (5) minutes.  (RUF 61, 62). While Plaintiff was being evaluated by nursing staff, he was not uncooperative, and he did not refuse care.  (RUF 63). Plaintiff wanted medical attention.  Plaintiff was in so much pain he was unable to breathe or speak.  (*See id*.). Plaintiff complied with all deputy and nursing staff commands.  (*See id*.). Plaintiff responded to questions as best as he could given the immense pain that he was in.  Plaintiff explained that he had a headache, and that he had pain to his face, eyes, mouth, hands, leg, and feet.  (*See id*.). Plaintiff was only "evaluated" for approximately five (5) minutes before he was placed in an Emergency Restraint Chair ("ERC").  (*See id*.). Deputy Rodriguez took photographs of Plaintiff's injuries after the blood had been washed off his face by nursing staff.  (*See id*.).  Approximately 30 minutes after being placed in the safety cell, which is used to hold inmates who have psychiatric issues, someone "reevaluated" Plaintiff for less than four minutes.  (RUF 64). No one else medically evaluated Plaintiff for the remainder of his time in the safety cell despite profusely bleeding visible wounds.  (RUF 65).  Plaintiff was left in the ERC for over two (2) hours. (*See id*.).  Plaintiff was left in the safety cell for almost twelve (12) hours before he was taken to the hospital for medical treatment.  (*See id*.).  The safety cell had no toilet, no bed, and no blankets.  Plaintiff had to lay on the concrete ground.  (*See id*.). Plaintiff received no food or water during this time inside of the safety cell.  Plaintiff was unable to walk at this time due to the injuries he sustained from the incident.  (*See id*.).  Someone from the psychiatric staff told the deputies that Plaintiff did not belong in the safety cell and that he needed immediate medical attention.  (*See id*.).  Only then was Plaintiff transported to the hospital.  (*See id*.).

### F.  Plaintiff's Injuries

Plaintiff suffered the following injuries from the incident: bruising and swelling

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

on Plaintiff's face and head; swollen "black eyes," and Plaintiff's left eye was so swollen he was unable to open it; difficulty eating due to injuries to Plaintiff's mouth and face; injuries to Plaintiff's hands from being beaten while handcuffed, including numbness and lack of feeling in Plaintiff's left pinky finger; difficulty walking due to pain in Plaintiff's legs; severe pain over much of Plaintiff's body. (RUF 66). Over the next couple of days, Plaintiff had severe headaches, was nauseous, dizzy, and he vomited on multiple occasions. (*See id*.). To this day, Plaintiff continues to suffer from physical pain and ailments. (*See id*.). Plaintiff has impaired vision, dizziness, severe headaches, and a ringing in his ears on a daily basis. (*See id*.). Plaintiff's left pinky finger is numb on a daily basis. (*See id*.). Plaintiff recently had a medical appointment approved so that he can have a CT-scan in the near future due to his daily physical ailments. (*See id*.). .Plaintiff suffered and continues to suffer from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger. (*See id*.).

### G. Plaintiff Filed Three Grievances Regarding this Incident

On May 27, 2018, Plaintiff filed a grievance against defendant Ibarra and defendant Hinson regarding this incident. (RUF 67). On May 29, 2018, Plaintiff filed a supplemental grievance against four (4) or (5) deputies regarding this incident, without listing their names, because he did not know their names at that time. (*See id*.). On May 29, 2018, Plaintiff filed another supplemental grievance regarding this incident against the unknown deputies. (*See id*.). Plaintiff identified defendant Ibarra, defendant Hinson, and a deputy who he thought was named "officer Battles." (*See id*.). In all of the aforementioned grievances, Plaintiff explained that he was attacked by the deputies. (*See id*.). Plaintiff explained that he feared for his life, and that he suffered from anxiety, panic attacks, and nightmares. (*See id*.). In the grievances, Plaintiff specifically articulated his fear of being retaliated against, stated that he wanted a restraining order against the defendant deputies, that he feared for his life and safety, that he believed the deputies were participating in a jail house gang, and ultimately requested to speak with a Watch Commander or Captain. (*See id*.).

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

## IV.   **LEGAL AUTHORITY**

Summary judgment is appropriate only where the record, read in the light most favorable to the ***non-moving*** party, indicates that "there is no genuine issue as to any material fact". Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If, and only if, the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322-23. If the nonmoving party meets this burden, then the motion shall be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F. 3d 1099, 1103 (9th Cir. 2000).

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* supra at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986). The opposing party need not establish a material issue of fact conclusively in his favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 290 (1968). "[I]n police misconduct cases, summary judgment should be granted only 'sparingly' because such cases often turn on credibility determinations by a jury." *Espinosa v. City and County of San Francisco,* 598 F.3d 528, 537 (9th Cir. 2010). "[T]he court may not simply accept what may be a self-serving account by a police officer. It must also look at the circumstantial evidence that, if believed, would tend to discredit the police officer's story, and consider whether this evidence could convince a rational factfinder that the officer acted unreasonably." *Scott v. Henrich* 39 F.3d 912, 915, (9th Cir. 1994). In qualified immunity cases, this usually means adopting … the plaintiff's version of the facts." *Scott v. Harris,* 550 U.S. 372, 378 (2007).

The cardinal rule governing rulings on such motions is that the court is not authorized to decide which disputed facts are true. "[C]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts" must be left to the jury. *Anderson v. Liberty Lobby*, *supra*, 477 U.S. at 255; *Harris v. Itzhaki,*

**PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

183 F.3d 1043, 1051 (9th Cir. 1999). Thus, even if a court tends to disbelieve opposing evidence, such disbelief cannot support summary judgment for the moving party.

**V.    ARGUMENT**

**A. Defendant Has Failed Establish that No Triable Material Fact Exists**

County defendants have failed to meet its burden that no triable material facts exist.  A "genuine dispute" of material facts may be shown by matters in the record **such as electronically-stored information**, or other documents and information. *See* Fed. R. Civ. P. 56(c)(1)(A) (emphasis added).  Circumstantial evidence alone may create a genuine issue of material fact, sufficient to defeat a motion for summary judgment. *Cornwell v. Electra Central Credit Union*, 439 F3d 1018, 1029-1030(9th Cir. 2006); *see also Desert Palace, Inc. v. Costa*,  539 US 90, 100, 123 S.Ct. 2148, 2154 (2003) (holding that in civil litigation generally, circumstantial evidence "may be more certain, satisfying and persuasive than direct evidence").

Here, there is video surveillance footage that directly contradicts County defendants' version of events. *See Phelps v. Provident Life & Accident Ins. Co.,* 60 F.Supp.2d 1014, 1021 (C.D.Cal.1999) (genuine dispute existed about disability insurance liability based on surveillance films and other evidence). Plaintiff complied with defendant Ibarra and defendant Hinson's commands and immediately placed his hands behind his back when exiting the Day Room.  (RUF 10).  Plaintiff never turned back towards defendant Hinson in an aggressive manner, and he did not tense up his body as he was walking back to his cell.  (RUF 17).  Without provocation, defendants Ibarra and Hinson attacked Plaintiff. (RUF 18-20).   Defendant Hinson gouged Plaintiff's eyes and continually punched him in the face although he was restrained. (RUF 36-43).  The responding defendant deputies attacked Plaintiff although he was restrained and on the ground.  (RUF 44-60).  Plaintiff has presented triable issues of material fact. Plaintiff respectfully requests this Court to deny County defendants' motion in its entirety.

**B. This Court Must Disregard Self-Serving Declarations that Contradict**

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S
MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

the Video Surveillance Footage

Pursuant to Federal Rule of Evidence 1002, the best evidence of the events preceding the incident is the video itself, not defendant's interpretation of that evidence. *See Freitas v. Emhart Corp*, 715 F. Supp. 1149, 1151 (U.S. Dist. Ct. D. Mass. 1989). Of significance, County defendants did not attach as exhibits in support of its motion the Use of Force Reports authored by defendant deputies related to this incident. Instead, County defendants drafted self-serving declarations in an attempt to circumvent the video surveillance footage. This should be stricken. (*See* Plaintiff's Objection to Evidence concurrently filed hereto).

C. **Plaintiff Exhausted His Administrative Remedies**

Plaintiff properly exhausted his administrative remedies. A prisoner's exhaustion of administrative remedies, under the Prison Litigation Reform Act (PLRA), is not per se inadequate simply because an individual later sued was not named in the prison grievances. *See e.g., Jensen v. Knowles*, 621 F. Supp. 2d 921 (E.D. Cal. 2008) (holding that the prison grievance system in California does not require a prisoner to expressly name the defendants in the grievance in order to exhaust administrative remedies). State prison inmates' § 1983 actions were not automatically rendered noncompliant with the PLRA administrative exhaustion requirement by fact that not all defendants named in complaints had been named in previous administrative grievances. *See Jones v. Bock*, U.S.2007, 127 S.Ct. 910, 549 U.S. 199, on remand 698 F. Supp. 2d 905; *see also Springfield v. Singh,* 12–CV–2552 KJM AC, 2015 WL 1348141, *12 (E.D. Cal. Mar. 24, 2015) (declining to find claim unexhausted as to defendants not named in appeal); *Parrish v. Solis,* 11–CV–01438–LHK, 2014 WL 5866935, *19 (N.D. Cal. Nov. 11, 2014) ("California's regulations only require that a prisoner's grievance provide the names of those involved to the extent they are known."). A grievance is sufficient "if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio,* 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation and citation omitted).

Here, Plaintiff filed three grievances governing the May 26, 2018 incident.

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

(RUF 67).[4]   On May 27, 2018, Plaintiff filed a grievance against defendant Ibarra and defendant Hinson regarding this incident.  (*See id*.). On May 29, 2018, Plaintiff filed a supplemental grievance against four (4) or (5) deputies regarding this incident, without listing their names, because he did not know their names at that time.  (*See id*.). On May 29, 2018, Plaintiff filed another supplemental grievance regarding this incident against the unknown deputies.  (*See id*.). In all of the aforementioned grievances, Plaintiff explained that he was attacked by the deputies on May 28, 2016. (*See id*.).  Plaintiff properly put County defendants on notice of the nature of the wrong and the redress Plaintiff sought, and therefore properly exhausted his administrative remedies.

### D. **Defendant Deputies Employed Excessive Force**

"The language of the Eighth Amendment, '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted,' manifests 'an intention to limit the power of those entrusted with the criminal-law function of government.'" *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (citing *Ingraham v. Wright,* 430 U.S. 651, 664 (1977).   An express intent to inflict unnecessary pain is not required.  *See id*. at 319 (internal citations omitted).  To be

---

[4] "[A] prisoner is excused from the exhaustion requirement in circumstances where administrative remedies are effectively unavailable, including circumstances in which a prisoner has reason to fear retaliation for reporting an incident.  In order for a fear of retaliation to excuse the PLRA's exhaustion requirement, the prisoner must show that (1) he actually believed prison officials would retaliate against him if he filed a grievance; and (2) a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018) (internal citations omitted).  Here, Plaintiff specifically articulated his fear of being retaliated against, stated that he wanted a restraining order against the defendant deputies, that he feared for his life and safety, that he believed the deputies were participating in a jail house gang, and ultimately requested to speak with a Watch Commander or Captain.  (*See* Defendant's Exhibit C, Docket No. 47-14 at pages 3-5 of 5).

cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. *Id.* Consequently, deliberate indifference to a prisoner's serious illness or injury can typically be established or disproved without the necessity of balancing competing institutional concerns for the safety of prison staff or other inmates. *Id.* at 320 (internal citations omitted). "When prison officials maliciously and sadistically use force to cause harm," the Supreme Court has recognized, "**contemporary standards of decency always are violated ... whether or not significant injury is evident**. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian,* 503 U.S. 1, 9, (1992)) (emphasis added).

Here, Deputies attacked Plaintiff without justification. (RUF 8-20). There was no safety issue or competing institutional concern for safety because Plaintiff complied with defendants' commands. (*See id.*). Plaintiff was walking down the hallway with his hands behind his back, as instructed, and was shoved face first into the wall for no reason. (*See id.*). Plaintiff was punched by multiple deputies even though he was restrained by other deputies. (RUF 36, 37, 42, 43, 46, 49, 50). Mr. Allen was punched by multiple deputies even after he had been handcuffed. (RUF 61). Other defendant deputies witnessed the incident but failed to intervene despite having the ability to do so.[5] (RUF 60).

---

[5] In cases involving allegations of excessive force by multiple officers, a plaintiff is not required to prove each individual officer's force was excessive. *See Mendoza v. City of West Covina,* 206 Cal.App.4th 702, 720 (2012). Moreover, it is not necessary for an officer to actually participate in the use of excessive force in order to be held liable under Section 1983. *See Skrtich v. Thornton,* (11th Cir. 2002) 280 F.3d 1295, 1302. "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Id.; see also Fundiller v. City of Cooper City,* (11th Cir. 1985) 777 F.2d 1436, 1441-1442; *Mascorro v. Billing,s* (10th Cir. 2011) 656 F.3d 1198, 1204 n.5; *Boyd v. Benton County,* (9th Cir. 2004) 374 F.3d 773, 780.

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

### E. Defendants were Deliberately Indifferent to Plaintiff's Medical Needs

#### 1. Plaintiff Had a Serious Medical Need

In order to state a deliberate indifference claim, Plaintiff must first show a "serious medical need" such that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 101 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Gibson v. County of Washoe*, 290 F.3d 1175 (9th Cir. 2002), *cert. denied*, 537 U.S. 1106 (2003). A serious medical need includes "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lopez,* 203 F.3d at 1132 (quoting *McGuckin,* 974 F.2d at 1059-60).[6] A prisoner's health condition may amount to a serious medical need if a failure to treat the condition could result in further serious injury to the prisoner. *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).

Plaintiff suffered profusely bleeding wounds, bruising and swelling on Plaintiff's face and head, swollen "black eyes," (Plaintiff's left eye was so swollen he was unable to open it), injuries to Plaintiff's hands from being beaten while handcuffed, difficulty walking due to pain in Plaintiff's legs, and complaints of severe pain all over his body.  (RUF 66). Over the next couple of days, Plaintiff had severe headaches, was nauseous, dizzy, and he vomited on multiple occasions. (*See id*.). To this day, Plaintiff continues to suffer from physical pain and ailments, including but not limited to impaired vision, dizziness, severe headaches, a ringing in his ears,

---

[6] Plaintiff anticipates County defendants to rely on *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) in its reply for the proposition that a plaintiff cannot establish a constitutional violation for delay in medical treatment "unless the delay causes substantial harm," which was overruled in *Hudson v. McMillian*, 112 S. Ct. 995, 998-1000 (1992), **rejecting "significant injury" requirement and noting that the Constitution is violated "whether or not significant injury is evident**." *Id*. (emphasis added).

**PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

stuttering, and numbness in his left pinky finger. (*See id*.).  Plaintiff recently had a medical appointment approved so that he can have a CT-scan in the near future due to his daily physical ailments.  From this evidence, a reasonable jury could find that defendants' failure to provide Plaintiff with adequate treatment caused his injuries.  Working backwards from this conclusion, the jury could determine that Plaintiff's injuries constituted a serious medical need

### 2. Defendants Were Deliberately Indifferent.

Next, Plaintiff must show that Defendants' response to the serious medical need was deliberately indifferent.  *Lopez,* 203 F.3d at 1132. The second prong may be established by allegations of "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. Deliberate indifference may be shown where prison officials or practitioners "deny, delay or intentionally interfere with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).   "'Deliberate indifference' is the conscious choice to disregard the consequences of one's acts or omissions." Ninth Cir. Model Civil Jury Instruction 9.7. In the context of a prisoner's medical needs claim, *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), explains that the state of mind for deliberate indifference is subjective recklessness. *See id.* at 835-41.[7] **But the standard is "less stringent in cases involving a prisoner's medical needs . . . because 'the State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns.'"** *McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992)* (partially overruled on other grounds) (quoting *Hudson v. McMillian, 503 U.S. 1, 6, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992))* (emphasis added).  "[A] prisoner need not prove that he was completely denied medical care in

---

[7] The prison official's subjective knowledge of the substantial risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).  Thus, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id*.

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

order to prevail." *Id*. at 986. **Nor does deliberate indifference require express intent to harm**. *Redman v. County of San Diego*, 942 F.2d 1435, 1442 (9th Cir.1991), *cert. denied*, 502 U.S. 1074 (1992) (emphasis added).

Here, Mr. Allen was brutally beaten, without justification, and then denied access to medical care.[8]  (RUF 61-65).  After the incident, Mr. Allen had profusely bleeding wounds on his face that was obvious to the naked eye.  (RUF 65).  Mr. Allen's eye was so swollen he was unable to open it.  (*See id*.).  Plaintiff was unable to walk.  (*See id*.).  The deputies placed Mr. Allen in an Emergency Restraint Chair, and then placed him in a psychiatric safety cell, instead of seeking appropriate medical attention for his injuries.  (RUF 61-65). Mr. Allen's initial "evaluation" was for approximately five (5) minutes.  (RUF 61, 62).  Mr. Allen's second "evaluation" was for approximately four (4) minutes.  (RUF 64).  Mr. Allen was left in the safety cell without a toilet, bed, blanket, water, food, or medicine.  (RUF 65). Mr. Allen was not transported to the hospital for over twelve (12) hours, despite his visibly bleeding wounds and his incessant requests for medical treatment.  (*See id*.).  Plaintiff has presented genuine issues of material fact for trial.  Defendants were deliberately indifferent to Plaintiff's medical needs.

## VI.   <u>MONELL CAUSES OF ACTION</u>

A *Monell* claim for § 1983 liability "may be stated in one of three circumstances: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of 'deliberate indifference' to constitutional rights; or (3) when a

---

[8] In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. McMillian,* 503 U.S. 1 (1992)).  The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and **medical care**, and must "take reasonable measures to guarantee the safety of the inmates." *Id*. (citing *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984)) (emphasis added).

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct." *Dorger v. City of Napa,* No. 12-cv-440 YGR, 2012 U.S. Dist. LEXIS 124551, at *7 (N.D. Cal. Aug. 31, 2012) (citing *Clouthier v. County of Contra Costa,* 591 F.3d 1232, 1249-50 (9th Cir. 2010)). Furthermore, an unreasonably inefficient implementation of theoretically reasonable policies can amount to deliberate indifference to constitutional rights. *Berry v. Baca,* 379 F.3d 764, 768 (9th Cir. 2004).   The Supreme Court in *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) found that,

> [I]n light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury.

*Id*. at 390. Where the failure to train evidences a "deliberate indifference" to the rights of its inhabitants, such failures are actionable under § 1983. *Id*. at 389.[9] The Ninth Circuit has consistently held that the "lack of affirmative policies or procedures to guide employees can amount to deliberate indifference" even when other general policies are in place. *Long v. County of Los Angeles*, 442 F.3d 1178, 1189 (9th Cir. 2006).

On March 8, 2013, a class action was filed by prisoners against the County of Riverside and Riverside County Sheriff's Department for failure to provide adequate

---

[9] A municipality's failure "adequately to train its employees to implement a facially valid policy can amount to deliberate indifference." *Long v. County of Los Angeles,* 442 F.3d 1178, 1188 (9th Cir. 2006). A plaintiff can prove a "failure-to-train" claim against a municipality "without showing a pattern of constitutional violations where a 'violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations.'" *Id.* at 1186.

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

medical care to inmates in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution: *Quinton Gray v. County of Riverside*, Case No. 13-cv-0444-VAP-OP.  (*See* Def. Exhibit A at pp. 4:20-6:12).  In *Mary H. Garcia v. Sergeant Ayala, et al.*, Case. No. 18-CV-00839-SJO-ASx, deputies employed excessive force on Mr. Garcia when he was compliant in his cell.  Several deputies rushed into the cell and tackled Mr. Garcia, placing all of their weight on him.  Three deputies involved in that incident are named defendants in this action: defendant Pearson, defendant Hinson, and defendant Miranda.  The deputies punched Mr. Garcia in his face and abdomen numerous times. Mr. Garcia was placed in an Emergency Restraint Chair. Thereafter, Mr. Garcia died.  (*See* Def. Exhibit A at pp. 6:15-8:15).   Plaintiff anticipates obtaining additional information during discovery in the form of written discovery and depositions to further substantiate his *Monell* causes of action.  (*See* Declaration of Lauren I. Freidenberg at ¶¶ 5-9, concurrently attached hereto).

**Defendants Are Not Entitled to Qualified Immunity**

The test for qualified immunity has two steps.  First, the Court must determine whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Then, the Court must determine "whether the right was clearly established," meaning "[t]he contours of the right must have been clear enough that a reasonable official would have understood that he was violating the right." *Id.* at 201-02 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)); *see also Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) (holding that the sequence of steps is no longer mandatory).

First, as argued above, defendants violated Plaintiff's constitutional right to be free from excessive force under the Eighth Amendment, and defendants denied Plaintiff his constitutional right to proper medical treatment.  Second, these rights are clearly established.   The Eighth Amendment violation is obvious. The use of excessive force on Plaintiff, which was unprovoked, unjustified, and against a person that was compliant and restrained, **violated the "basic concept underlying the**

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

- 18 -

**Eighth Amendment, [which] is nothing less than the dignity of man.**" *Trop v. Dulles,* 356 U.S. 86, 100 (1958) (emphasis added).  "This punitive treatment amounts to gratuitous infliction of 'wanton and unnecessary' pain that our precedent clearly prohibits."  *Hope v. Pelzer*, 536 U.S. 730, 738 (2002). Moreover, the Supreme Court's opinion in *Lanier* thus makes clear that officials can still be on notice that their conduct violates established law even in novel factual circumstances. *See id*. at 741. In *Lanier,* the Court expressly rejected a requirement that previous cases be "fundamentally similar." *Id*. Although earlier cases involving "fundamentally similar" facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding. *Id*.  The same is true of cases with "materially similar" facts. *Id*.

Moreover, the constitutional right of inmates to have adequate medical treatment is clearly established and a fundamental right that goes back for almost 50 years.  *See McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds* by *WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc) (citing *Estelle v. Gamble,* 429 U.S. 97, 104, (1976)).  Moreover, Deputy defendants cannot sustain a qualified immunity defense because "deliberate indifference is inconsistent with a finding of . . . qualified immunity." *Albers v. Whitley*, 743 F.2d 1372, 1376 (9th Cir. 1984), *rev'd on other grounds*, 475 U.S. 312 (1986). A defendant cannot both be "deliberately indifferent" – i.e., consciously disregard a known, excessive risk to inmate safety, *Farmer*, 511 U.S. at 837 – and at the same time reasonably believe that his conduct conforms to clearly established law, *Harlow*, 457 U.S. at 818.  Because a reasonable deputy would have known that the individual defendants' alleged deliberate indifference was unconstitutional, the individual defendants are not entitled to summary judgment based on qualified immunity as to this cause of action.

## VII.  PLAINTIFF'S STATE CLAIMS HAVE MERIT

Plaintiffs state law claims succeed for the same reasons his federal causes of action do.  Plaintiff has presented evidence that he was attacked without provocation,

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

justification, and while he complied with commands and was restrained by multiple deputies. Plaintiff has presented evidence that he was taken to the Intake Medical Office for a five minute evaluation, and a another four minute evaluation thirty minutes later. Plaintiff was not transported to the hospital despite his visible wounds for over twelve hours. Plaintiff has raised triable issues of fact as to battery, negligence, intentional infliction of emotional distress, and the Bane Act.

## VIII. <u>EVIDENCE SUPPORTS PUNITIVE DAMAGES</u>

Plaintiff was brutally beaten and left without medical care for over twelve hours despite his significant injuries. Plaintiff has presented evidence that defendants acted with malice, oppression, and/or reckless disregard for Plaintiff's rights. *See Dang v. Cross*, 422 F.3d 800, 810 (9th Cir. 2005).

## IX. <u>REQUEST FOR CONTINUANCE</u>

Plaintiff alternatively requests a continuance of the hearing on Defendants' instant motion for summary judgment/adjudication due to the need to conduct further discovery to adequately respond to Defendants' motion, especially with regard to Defendant County's pertinent policies governing deputy conduct. *See* Freidenberg Decl. ¶¶ 7-14.

## X. <u>CONCLUSION</u>

Plaintiff has demonstrated that there are triable issue of material fact. Plaintiff respectfully requests this Court to deny defendant County of Riverside, et al.'s motion for summary judgment or in the alternative summary adjudication in its entirety.

DATED:      December 24, 2019                Respectfully Submitted,
                                             **McMURRAY HENRIKS, LLP**


                                             By:    /s/ Yana G. Henriks
                                             _____

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Randy H. McMurray, Esq.,**
**Yana G. Henriks, Esq.**
**Lauren I. Freidenberg, Esq.**
*Attorneys for Plaintiff JARRELL*
*RAYVON ALLEN*

McMurray Henriks, LLP
811 Wilshire Boulevard Suite 1640
Los Angeles, CA 90071

**PLAINTIFF JARRELL RAYVON ALLEN'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE, ET AL.'S**
**MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**